### ANONYMOUS.

*Divorce — what relief allowable in actions for.*

Plaintiff, whose wife was living, married C. J. Afterward he commenced an action for a divorce from C. J., upon the ground that his marriage with her was void, and no defense being put in a judgment dissolving the marriage was entered. He then married C. B. Afterward C. J. applied for leave to defend the action for divorce, which she was allowed to do. C. B. was also allowed to intervene and plead. *Held*, that the only question which could be passed upon in the action was the validity of the second marriage. The validity of the third could not be inquired into, no relief as against that having been asked in the complaint.

THE plaintiff, who was then a resident of England, on the 23d day of April, 1839, intermarried with one Butler, and after living with her for about one year, left her and came to the city of New York, where he has since resided. About three months after plaintiff had left she was delivered of a daughter, the result of their marriage. On or about the 31st of May, 1843, a deed of separation was executed between them, providing among other things that they should live separate and apart from each other, but containing nothing whatever from which it could be claimed or inferred that either of them was to be at liberty to marry again. But, notwithstanding the fact that the marriage itself continued in force, the plaintiff's

wife intermarried again with one Samuel Green on the 3d of September, 1843, and the plaintiff himself intermarried again on the 21st of October, 1843, at Brooklyn, with Caroline Juliet, the real defendant in this action. After living with her for twenty years, and having by her five children, who are still living, he separated from her on the pretense, that he was in danger of disturbance from interference of his first wife, and that he had just discovered that his second marriage was void, because he had no right to contract it, as he supposed he had by force of the deed of separation between himself and his first wife. He seems to have succeeded in impressing the wife of the second marriage, with the conviction that his marriage with her was void for the reason assigned by him. And she submitted to an adjudication of that fact in this action without interposing any defense. On the 7th of March, 1864, the judgment was recovered, declaring the marriage solemnized in 1843 void for the reason that the plaintiff's first wife continued to be alive. And while the plaintiff had no reason whatever for supposing his wife to have died in the mean time, and after himself having shown her to be living, on the reference ordered in the action, he married again with Constance B., the present respondent, on the 1st day of July, 1865, and continued to live with her, as his wife, until about the 6th of October, 1871, they having during that time two children. On the 18th of October, 1871, Caroline Juliet, the plaintiff's second wife, applied to the court to be permitted to defend the action in which her marriage had been adjudged unlawful, for the reason that she was deceived by the plaintiff's representations, and by that means was induced to allow the action to be undefended. The court on the 24th of that month vacated the previous judgment and allowed her to serve an answer to the complaint, which she did, alleging the validity of her marriage with the plaintiff. The present respondent, the plaintiff's third wife, claiming that the last proceeding was collusive and instituted for the real purpose of establishing the second marriage as valid, was on the 3d day of January, 1872, allowed to intervene in the action for her own protection, and was made a party with leave to plead her rights as against either party to the action. Under that permission an answer was served in her behalf, setting forth in substance the validity of the second marriage, and insisting upon the validity of her own marriage with the plaintiff. The plaintiff's complaint was in no respect changed, and no reply was made by

the plaintiff to this answer. But the wife of the second marriage replied to the petition of the third wife on which she was allowed to become a party and serve her answer, alleging the validity of the second and the invalidity of the third marriage. The case was referred to and heard before a referee, who reported in favor of the plaintiff against both the second and third wife; and in favor of judgment to that effect. The third wife excepted to the conclusions of the referee, that the plaintiff was entitled to judgment against her establishing the nullity of the marriage, and the court on argument sustained her exceptions and denied the plaintiff that judgment. From the order containing that denial the plaintiff has appealed.

*Smith E. Lane* and *T. C. T. Buckley*, for appellant.

*W. C. Barrett* and *John L. Hill*, for respondent.

DANIELS, J. Although the plaintiff's third wife was allowed to make herself a party to the present action, after the judgment in it was vacated, and the second wife allowed to defend and to plead her rights as against either of the parties, and afterward did so by her answer, that did not enlarge or extend the nature of the plaintiff's action for relief, as it was presented by the complaint made by him. The action still continued to be the same, simply an action to secure a decree of nullity of the plaintiff's second marriage. It was framed before the third marriage took place, and, from the nature of things, could have no possible relation to it. The object of the respondent's answer was not the extension of the plaintiff's action, so as to bring in controversy the validity of her own marriage, but to maintain the correctness of the plaintiff's complaint as to the unlawful nature of the marriage immediately preceding her own. This was for her own protection and the protection of her two children, not to supply the plaintiff with any legal pretense for repudiating her in disgrace as he had her predecessor, by showing her marriage to be void for the same reason that allowed him to disregard the second wife. When either the respondent or the plaintiff himself succeeded in maintaining the invalidity of the second marriage, that was the end of her presence as a party in the controversy. That accomplished the real object for which she was allowed to answer, and so far protected and assured her rights to the plaintiff as her husband.

Whether her marriage should also be annulled was a question in no way put in issue by the parties. The plaintiff had made no such claim by his complaint, and the respondent asked no relief of that description by her answer. And it is only where that relief is applied for in the manner prescribed in the statute, by one of the parties to the marriage claimed to be unlawful, on account of the existence of a former husband or wife of one of the parties, that the statute has provided for its allowance. 3 R. S. (5th ed.) 233, 235, §§ 36, 48.

No such application was in any proper manner made in this action, and for that reason it was properly denied by the court, notwithstanding the conclusions contained in the report of the referee. The relief to be awarded in an equitable action, as this was, must still be in accordance with the allegations as well as the proofs. That it appears from the proofs taken that the plaintiff may be entitled to it is not sufficient, when the pleadings have wholly omitted to present the matter for the action and adjudication of the court. *Field* v. *Mayor*, 6 N. Y. 179; *Kelsey* v. *Western*, 2 Cow. 501, 506; *Rome Exchange Bank* v. *Eames*, 1 Keyes, 588. The plaintiff, whose good fortune has so far shielded him from the legal consequences of his repeated violations of the laws of the State, may yet be able to secure the right now denied him. But that would be a very inadequate reason for relieving him from the ordinary requirements the statute has prescribed for cases of this description. If he is to be relieved at all, and, under the sanction of the judgment of a court of justice, be placed in a situation where he may deceive and induce still another woman to marry him, it should only be by strictly bringing himself within all the provisions of the statute upon this subject, whether they relate to the grounds of the action itself, or the forms to be observed in bringing them to the notice of the court. The case is one of strict right, and not one which deserves to be promoted by any favorable interposition on the part of a court of justice. Where neither the fear of the laws nor the duty of securing a reputable social position for his own children have proved sufficient to restrain the plaintiff from the open violation of their prohibitions, he should not only prove, but, in addition to that, present by his complaint, in the mode prescribed for that purpose by the statute, the case which may entitle him to be set at liberty to indulge in a repetition of his former offenses. Until that shall be done, no injury whatever can result from subordinating his

freedom to the obligations he apparently regards as the inconvenient consequences of his third marriage. The plaintiff is entitled to no such relief as he now demands in this action. It has neither been demanded by himself nor his wife, as the statute requires such an application to be made. For that reason, the order appealed from was strictly right, and it should therefore be affirmed, with costs.

DAVIS, P. J., and DONAHUE, J., concurred.

*Order affirmed.*