KELLEY and wife vs. THE CITY OF MADISON.

*Charter construed: " claim or demand" defined.*

A charter provision that no action shall be maintained against the defendant city "upon any claim or demand," until it shall first have been presented to the common council for allowance, *held* not to include actions for personal torts.

APPEAL from the Circuit Court for *Dane* County.

Action for an injury to the female plaintiff from a defective highway. A demurrer to the complaint was sustained, apparently on the ground that the cause was not brought to the circuit court on appeal from the action of the common council of the defendant city in disallowing plaintiff's claim for damages, but by original action. Plaintiffs appealed from the order.

The case is stated in the opinion.

For the appellant, a brief was filed by *Welch & Botkin,* and the cause was argued orally by *Mr. Welch.* They contended that the words "claim" and "demand," in secs. 24 and 25, ch. VII of the city charter, do not include causes of action for unliquidated damages founded in tort (*Stringham v. Supervisors,* 24 Wis., 594; *Little v. Madison,* 42 id., 643,

647); that under a contrary construction, no action could be brought against the city except on appeal, yet sec. 8, ch. XI of the charter, provides for commencing suit against the city by service of process, etc.; that if the common council had power to pass upon this claim, they had no authority under the charter to provide for its payment until it was in judgment against the city (charter, ch. IV, sec. 4; ch. VII, secs. 5, 20, as amended by secs. 2, 4, 6, ch. 22, P. & L. Laws of 1872; Dillon on M. C., §§ 86, 610); that the only object, therefore, which this provision could subserve was to compel a party holding such a claim against the city to file security for costs before commencing suit, and then go into court with his claim stamped with the disapproval of the common council, which has no power to allow or pay it; and that in this view the provision is invalid, as a special enactment exempting the city of Madison from the operation of general laws, and in violation of sec. 9, art. I of the state constitution. *Durkee v. Janesville*, 28 Wis., 464.

For the respondent, a brief was filed by *Smith & Lamb*, and the cause was argued orally by *Mr. Lamb*. They contended that the liability of cities for injuries from defective highways is wholly statutory, our statutes on the subject being derived from those of the New England states (R. S., ch. 19, secs. 120, 126; Dillon on M. C., § 786, note 2; *Oliver v. Worcester*, 102 Mass., 496; *Mower v. Leicester*, 9 id., 247; *Bacon v. Boston*, 3 Cush., 174; *Stanton v. Springfield*, 12 Allen, 566; *Chidsey v. Canton*, 17 Conn., 475; *Farnum v. Concord*, 2 N. H., 392; *Eastman v. Meredith*, 36 id., 284, 298; *Sanford v. Augusta*, 32 Me., 536; *State v. Burlington*, 36 Vt., 521; *City of Providence v. Clapp*, 17 How., U. S., 167; see also *Cook v. Milwaukee*, 24 Wis., 274; *Kittredge v. Milwaukee*, 26 id., 48; *Beaudette v. Fond du Lac*, 40 id., 44); that, the liability being created by statute, the mode of ascertaining the existence and extent of the liability may be prescribed by the legislature at its pleasure; that the charter of the defendant city

puts all funds in the city treasury, except school, state and
county funds, under the control of the common council, pro-
vides that all accounts or demands against the city, before the
same shall be allowed, shall be verified by affidavit, except
salaries, etc., and makes such affidavit perjury if false, pro-
vides that no money shall be drawn out of the city treasury
except in payment of accounts or demands allowed by the
common council, prohibits the maintenance of any action
against the city upon any claim or demand until the same
shall first have been presented to the council for allowance,
and declares that its disallowance in whole or in part shall be
a perpetual bar to an action thereon, except upon appeal to
the circuit court taken in the manner there provided; that the
evident policy of these provisions is to prevent needless litiga-
tion and save the city unnecessary costs and expenses; that a
similar policy has long been in force in New York in regard
to estates of deceased persons, no costs being recoverable in
actions on claims against an executor or administrator, unless
such claims are first duly presented, verified and accompanied
with an offer to refer them if the administrator or.executor
desires, unless he unreasonably resists the claims (2 R. S. of
N. Y., Rev. 3d ed. [90], § 41), and this provision has been up-
held by the courts (*Potter v. Etz*, 5 Wend., 74; *Robert v.
Ditmas*, 7 id., 522, and numerous cases of later date); that
the statutes of this state adopt a similar policy in regard to
claims against decedents; that, so long as there is reserved to
the claimant an ultimate right of trial by jury, he cannot com-
plain (*State ex rel. Flint v. Fond du Lac*, 42 Wis., 287);
that the provision requiring security for costs on the appeal
is within the discretion of the legislature, and such security
might be required by law in every action, and is always within
the discretion of the court (R. S., ch. 133, sec. 85); that a like
policy has been adopted as to claims against the state, which
must first be presented to the legislature, and security given
for costs, before suit brought (R. S., ch. 157, secs. 1, 2; *Dick-*

*son v. The State*, 1 Wis., 122); that as to a certain class of claims against counties, the same policy is adopted (R. S., ch. 13, secs. 40–43), and the method of bringing the claim before the court by appeal from the county board is held to be exclusive *(Savage v. Crawford Co.*, 10 Wis., 49–53; *Jackson Co. v. La Crosse Co.*, 13 id., 490, 494; *Wolff v. Sheboygan Co.*, 29 id., 79–85); that a similar policy has been found necessary as to claims against towns in this state *(Putnam v. Rubicon*, 32 Wis., 498), especially in respect to claims for injuries from defective highways (Laws of 1875; *Beaudette v. Fond du Lac*, 40 Wis., 44); and that a like policy has been upheld by courts in other states *(Russell v. Mayor, etc.*, 1 Daly, 263; *Hart v. Brooklyn*, 36 Barb., 226; *Knox v. Mayor*, 55 id., 404; *Howell v. Buffalo*, 15 N. Y., 512; *Marshall Co. v. Jackson Co.*, 36 Ala., 613; *Barbour Co. v. Horn*, 41 id., 114; *Price v. Sacramento*, 6 Cal., 254; *Ellissen v. Halleck*, id., 386; *McCann v. Sierra Co.*, 7 id., 121; *Champion v. Sessions*, 1 Nev., 478). Counsel further contended that the words " claim " and " demand " are the most general and comprehensive terms of that class, and clearly embrace causes of action founded upon tort (Litt., § 508; Co. Litt., 291 b; *Vedder v. Vedder*, 1 Denio, 257); that the industry with which these words are used through ch. VII of defendant's charter forbids the idea that it was not the intention to include claims like that in suit; that the real ground of decision in *Stringham v. Supervisors*, 24 Wis., 594, was merely that the *grant of jurisdiction* to the county board was found in sec. 27, ch. 13, which conferred authority only to " examine and settle *accounts*," etc. *(Parker v. Sup'rs*, 1 Wis., 417), and that the claim there in suit was not an account; that the same ground of decision existed in *Kellogg v. Sup'rs*, 42 Wis., 102; and that these cases are really authority for nothing further, although some language in the opinions seems to go further. Counsel further argued that it ought not to be assumed that the legislature did not intend to submit such cases to municipal tribunals in the first instance, merely be-

cause they may sometimes involve difficult questions of law or fact, because, (1) This is equally true of many claims arising on contract. (2) Questions of fact arising in a case like this are such that actual view and investigation on the spot, untrammeled by legal technicalities, would probably enable the members of a municipal board to understand it better than it would be understood by an examination in court. (3) The mayor and aldermen, with the city attorney, must be presumed to be as competent within their sphere as the members of any other tribunal in theirs; as competent to pass in the first instance upon claims against the city, as the legislature is to pass upon claims against the state. They further argued that the use of the words "claim" and "demand" in connection with allowance and payment of the same, shows that the demands referred to are merely those upon which might be based a judgment for *money;* and that provisions of the charter for commencing actions against the city by process in the circuit court relate to actions for *other forms of relief,* as for injunction *(State ex rel. Dean v. Common Council,* 7 Wis., 688, and 9 id., 402), for foreclosure, where the city is a subsequent incumbrancer *(Delaplaine v. Lewis,* 19 Wis., 476), in ejectment *(Cunningham v. Milwaukee,* 13 Wis., 120), for specific performance *(School District v. Macloon,* 4 Wis., 79), in replevin *(Inhabitants, etc., v. Stearns,* 21 Pick., 148), for an unlawful detainer *(Rains v. Oshkosh,* 14 Wis., 372), to cancel mortgage and remove cloud on title *(Burhop v. Milwaukee,* 18 Wis., 431; 21 id., 35), or for *mandamus (Hasbronick v. Milwaukee,* 25 Wis., 123).

COLE, J. This action is brought to recover damages for a personal injury alleged to have been sustained by the female plaintiff in consequence of falling into a ditch, or excavation, which had been cut across and through one of the public streets and sidewalks of the city; and which ditch, it is alleged, was left open by the defendant without any guard or

protection to prevent injury to persons passing along the street and sidewalk. The complaint was demurred to on various grounds, and the demurrer sustained. The learned counsel for the defendant, in support of the order appealed from, rested his argument in this court on one point. He insisted that, under the provisions of law and of the city charter, no action can be maintained in the circuit court against the city for the injury complained of, except by appeal from the decision of the common council disallowing the claim. The complaint shows that the plaintiffs made a demand of the common council for compensation for the injury, which claim was rejected. It is conceded that no appeal was taken from the decision of the common council; and the sole question in the case is, Had the circuit court jurisdiction of the action? The provisions of the city charter upon which defendant's counsel relies, are the following:

"Sec. 24. No action shall be maintained by any person against the city of Madison upon any claim or demand until such person shall first have presented his claim or demand to the common council for allowance."

"Sec. 25. The determination of the common council disallowing in whole or in part any claim of any person shall be final and conclusive and a perpetual bar to any action in any court founded on such claim, except that such person may appeal to the circuit court, as provided in sec. 27 of this chapter."

Sec. 27 prescribes the time and manner of taking an appeal from the action of the common council. (Ch. 500, P. & L. Laws of 1868, subch. VII.)

Now the inquiry is, Do these provisions relate to and fairly include a claim or demand arising out of a personal tort? We are clear in the opinion that they do not. It is true, as was argued by the counsel for the defendant, the words "claim" and "demand" are words of very comprehensive meaning, broad enough, perhaps, to include an action for a

personal tort. C. J. DENIO, in *Howell v. The City of Buf-falo*, 15 N. Y., 512–523, when considering a kindred ques-tion, says: "*Demands* or *claims* are the largest words of that class, and clearly embrace a cause of action founded upon a trespass to personal property. Littleton says that the most beneficial release which a man can have, is a release from all demands (§ 508); and Lord Coke declares that a release of all claims extends to all demands." In *Scott v. Morris*, 9 S. & R., 123, the question was as to the signification of the word "demand" as used in a deed of assignment. TILGHMAN, C. J., says: "The word *demand* is very comprehensive. It in-cludes everything which the creditors would have been enti-tled to recover by suit. And there is no doubt that interest might have been recovered, as well as principal." See Mr. Justice STORY's definition of the word "claim" in the *Prigg case*, 16 Peters, 615. Also 1 Burrill's Law Dic., word "De-mand;" 1 Bouv. Law. Dic., same word. It is possible that the words "claim or demand," as used in the above provisions, embrace a cause of action for a trespass to personal property; they certainly would include interest as well as principal upon a liquidated demand against the city.

But whatever meaning might be attached to these terms under other circumstances, it is plain from the connection in which they are used in the charter, that they do not in-clude a claim or demand growing out of a personal tort. On examination, it will be seen that these words are used inter-changeably as equivalent terms in subch. VII. It is obvious that the word "claim" in the 25th section must be under-stood as meaning the same as "claim or demand" in the 24th section. In the two sections immediately preceding sec-tion 24, the word "demand" is used in connection with the word "account," and in the same sense, clearly showing that the former term is qualified and limited in its meaning. "All *accounts* or *demands* against the city, before the same shall be allowed, shall be verified by affidavit,   *   *   and any person

who shall falsely swear to any such *account* or *demand* shall be guilty of perjury." Sec. 22. " No money shall be appropriated or drawn out of the city treasury except in payment of *accounts* or *demands* allowed by the common council." Sec. 23. The maxim *noscitur a sociis* applies here, and determines the proper interpretation of the language. The words " claim " and " demand " in section 24 have reference to matters or claims arising on contract; possibly by a liberal construction they may be held to include injuries to personal property; but we do not think they can be said to embrace a claim for a personal tort. It is said by counsel, that the industry with which the legislature use the words " claim " and " demand " all through the chapter, precludes the idea that it was not the intention to include a claim like the one in suit. But we fail to see evidence of any such intention on the part of the legislature. On the contrary, as we have said, the words " claim " and " demand " seem to be used as equivalent terms in this chapter, and as synonymous with the word " account." Consequently it is necessary to give them a more limited meaning than that which is sometimes assigned to them. Much of the reasoning in *Stringham v. The Board of Sup'rs of Winnebago County*, 24 Wis., 594, as to the extent of the authority of the county board to examine and settle accounts against the county, is in point in ascertaining the power vested in the common council by these provisions in the charter. The opinion likewise of the chief justice in *Gibson v. Gibson* [*ante*, p. 23], construing the meaning of the expression " choses in action " as used in subd. 14, sec. 1, ch. 5, R. S., has a direct bearing upon the question under discussion.

We have examined the authorities cited by counsel in support of the position that sec. 24 extends to an action for a personal tort, but find nothing in them to change our views on the subject. The statutes under which those cases arose are different from the provisions of the city charter, and this fact alone renders those decisions of little value upon the question.

It is said that the legislature adopted section 24 in further-ance of a public policy, to prevent needless litigation and save the city unnecessary expenses and costs by affording an oppor-tunity to amicably adjust all claims against the city of every nature before suit brought. We can only arrive at the in-tention of the legislature from the language used in the charter, and we are unable to hold that section 24 is broad enough to include the claim for the injury complained of.

This being our view, it follows that the order sustaining the demurrer to the complaint must be reversed, and the cause must be remanded for further proceedings according to law.

*By the Court.* — So ordered.