RUGGLES vs. THE CITY OF FOND DU LAC.

*November 4 — November 22, 1881.*

TAXATION: BANK STOCK: RECOVERY OF ILLEGAL TAXES: NATURE OF ACTION. *(1) National bank stock, evidence of debt due owner. (2) Action to recover moneys paid for taxes, one at law. (3) Whether on contract. (4) Voluntary payment.*

PLEADING. *(5) Matter of defense not to be negatived in complaint.*

1. The value of stock in a national bank, owned by a tax-payer of this state, must be considered a part of the "debts due or to become due" him from which he is entitled to deduct the amount of his *bona fide* and

unconditional indebtedness, in listing his property for taxation, under subd. 10, sec. 1038, R. S.

2. The first count of the complaint states facts entitling the plaintiff to recover a part of the sum paid by him for taxes; the second states the same facts and others alleged to invalidate the *whole* tax. The prayer is for a money judgment for the amount of the whole tax. *Held*, that the action is at law, and not one in equity to set aside taxes or tax proceedings; that sec. 1210*b*, as amended by sec. 5, ch. 255 of 1879, is inapplicable to either count; and that there is no misjoinder of causes of action.

3. An action for the recovery of taxes wrongfully collected is not an action *on contract* within the meaning of defendant's charter, which prohibits the maintenance of an action against the city on contract until the claim has been presented to the city council.

4. Payment of taxes under protest to an officer who has a warrant for their collection, and threatens to collect by levy and sale of property, is not a voluntary payment.

5. If plaintiff's indebtedness, mentioned in the complaint, has once been allowed him in the valuation of his credits other than those represented by his national bank stock, that is matter of defense, and the complaint is not bad for failing to negative such allowance.

APPEAL from the Circuit Court for *Fond du Lac* County.

The complaint contains two counts. Defendant demurred to the whole thereof, on the ground that two causes of action are improperly united, and to each count on the ground that it fails to state a cause of action. It is alleged in the first count, in substance, that on May 1, 1879, the plaintiff held 526 shares of the capital stock of the First National Bank of Fond du Lac, of the value of $52,600, but that he was then indebted for 375 shares of said stock in the sum of $37,800; that the assessors of the defendant city in that year assessed such stock for the purpose of taxation at its value; that he presented to such assessors a sworn list or schedule of such stock, showing his indebtedness thereon, but they refused to exempt from the assessment thereof an amount equal to such indebtedness; that he appealed to the board of review from the assessment, but that board refused to reduce the assessment on the sole ground that the value of bank stock is not subject

to reduction for debts of the owner; that he made special application to the common council of the city for relief in the premises, but relief was refused on the ground of want of authority; and that he paid the taxes assessed on the full value of the stock to the city treasurer by compulsion and under protest, such treasurer holding a proper warrant to collect the same, and threatening to collect the same by levy upon and sale of such stock. The second count contains substantially the same allegations, with additional averments of irregularities in the assessment, which, it is claimed, invalidate the whole tax. These additional averments are not considered in the opinion of the court, and it is unnecessary to state them specifically here. From an order overruling the demurrer, defendant appealed.

*William D. Conklin*, for the appellant:

1. The first cause of action stated arises on contract implied; if sustained, a simple money judgment is had. The second cause of action is equitable in its nature, and goes to the setting aside of the whole tax as void by reason of errors going to its ground-work; its subject is the open fraud or covin of the defendant through its agents or officers, the assessors, board of review and common council. As a statutory action it comes under sec. 1210*b*, R. S. Judgment can only be had after the interminable proceedings of reassessment provided in that section. These causes of action, therefore, do not both "belong to one of the classes named" in sec. 2647, R. S., and were improperly united. A bill of complaint should not contain distinct and independent matters. Story's Eq. Pl., §§ 271, 286, 530; *Supervisors of Kewaunee Co. v. Decker*, 30 Wis., 624. 2. The first count of the complaint is insufficient. It avers no violation of the constitutional rule of uniformity, and no breach of statutory duty on the part of the defendant; no levy or collection of an unlawful tax, and no acts of plaintiff giving him a cause of action. There is no averment of presentation of the claim after it accrued, by plaintiff to the

common council, as required by defendant's charter. Sec. 203, ch. 240, Laws of 1879. No action will lie until such presentation and refusal of adjustment, and this rule applies to actions for the recovery of illegal taxes. *Sheel v. Appleton*, 49 Wis., 125; *Benton v. Milwaukee*, 50 id., 368; *Wright v. Merrimack*, 52 id., 466. The payment of the tax by plaintiff was voluntary, and it cannot be recovered back. *Harrison v. Milwaukee*, 49 Wis., 247. 3. The second count of the complaint is insufficient for the same reasons, and because there is no averment that the shares of the First National Bank of Fond du Lac are valued higher than other moneyed capital generally. *German Nat. Bank of Chicago v. Kimball*, 13 Chi. L. N., 240. The complaint contains no offer to pay any sum as the tax which the shares of the bank ought to pay.

*Edward S. Bragg*, for respondent.

LYON, J. The act of congress under which the First National Bank of Fond du Lac was organized, permits state taxation of the shares of stock in national banks, with the restriction that the same shall not be taxed "at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state." R. S. U. S., sec. 5219. A statute of this state (R. S., sec. 1038) exempts from taxation "so much of the debts due or to become due to any person as shall equal the amount of *bona fide* and unconditional debts by him owing." Subd. 10. The supreme court of the United States held, in *People v. Weaver*, 100 U. S., 539, that a statute of New York, which the court of appeals of that state had interpreted as prohibiting the deduction of debts owing by any person from the value of national bank shares owned by him, for the purposes of assessment and taxation, was, because of another statute of that state, in contravention of the above limitation of the power of the state to tax such shares, and therefore void. The statute referred to is similar to our section 1038, above mentioned, except that the deduc-

tion of debts is to be made from the value of all personal property, including moneyed capital, whereas under our statute it is only to be made from credits, or, what is the same thing, from moneyed capital. This difference in the statutes obviously is of no significance. The ruling would necessarily have been the same had the New York statute been precisely the same as our section 1038. See also *Pelton v. Nat. Bank*, 101 U. S., 143; *Cummings v. Nat. Bank*, id., 153; *Evansville Nat. Bank v. Britton*, 8 Fed. Rep., 867.

The case last cited was in the circuit court of the United States, and arose in Indiana. It appears from the opinion of Mr. Justice HARLAN that the statute of that state imposed taxes only upon the balance of the credits of an individual, after deducting from the value of such credits the amount of his *bona fide* indebtedness; while in the valuation of shares of bank stock no deduction was allowed for the shareholder's indebtedness. The latter provision was held void, because it discriminated against the shareholder in violation of the law of congress. The decisions of the supreme court of the United States on this subject are authority, and the state courts are not at liberty to disregard them. It inevitably results from these adjudications, that, so long as our statute exempts, for the purposes of valuation, assessment and taxation, from the credits of an individual an amount equal to his *bona fide* and unconditional indebtedness, the same exemption must be made from the ascertained value of national bank stock, if the owner thereof owes *bona fide* and unconditional debts.

Unlike the statutes of New York and Indiana, our statute does not expressly prohibit such exemption in favor of the indebted shareholder in a bank. It merely provides that bank stock shall be assessed and taxed, and where (R. S., sec. 1042); it imposes the duty upon the bank officers to give the assessors certain information (section 1051); and it authorizes the assessors to value the stock according to their best judgment (section 1057). There is no provision in our statute which is

necessarily in conflict with the act of congress, because it contains nothing which prevents the court from holding that the exemption of section 1038, subd. 10, is applicable to the valuation, assessment and taxation of bank stock. If a statute admits of two constructions, one of which will render it invalid and the other will save it, the construction should prevail which will save the statute. *Bigelow v. Railway Co.*, 27 Wis., 478. We therefore adopt the construction above indicated. It may further be observed, in support of this construction, that bank stock represents a debt due the stockholder, in that it represents the proportionate interest of the stockholder in the credits and moneys of the bank, for the proper application of which the bank is liable to him. If A., B. and C. each hold obligations, for say $10,000, for money loaned by each of them respectively, that amount is, of course, a debt due each. Now, suppose, instead of loaning their money directly and individually, they organize a bank and each pays in his $10,000, the aggregate constituting the capital stock of the bank. The bank thereupon becomes indebted to each in the sum thus paid in, and the stock issued to each is merely evidence of his proportionate share in the bank and its earnings. Thus it is that in all statements of the condition of banks the amount of paid-up capital in each case is always charged as a liability of the bank. It seems to us, therefore, that it is not a forced construction of the statute to hold that bank stock represents and is evidence of a debt due the owner of it, in like manner as the note, bill or bond of another for the payment of money represents and is evidence of a debt due the owner and holder of such instrument.

It follows from the views above expressed, that the amount of plaintiff's indebtedness should have been deducted from the value of his stock, in assessing the same for taxation. Hence, on the merits of the case, we think the demurrer to the complaint was properly overruled. Several objections to the com-

plaint were argued by the learned counsel for the defendant, which will now be briefly considered.

1. He argues that several causes of action are improperly united in the complaint. The first count states facts which entitle the plaintiff to recover the excess of taxes therein mentioned paid by him. The second count states the same facts with more particularity of detail, and also additional facts which, it is claimed, invalidate the whole tax. The prayer is for a money judgment for the amount of the whole tax and interest. The argument is, that the second count states an equitable cause of action, and that, if true, it must result in a reässessment of taxes, under R. S., sec. 1210b, as amended by Laws of 1879, ch. 255, sec. 5. We are satisfied that no such result would follow, even though the court should find irregularities in the assessment of the tax going to the groundwork thereof and affecting all the property in the ward or city. The amended section relates only to actions brought to avoid or set aside taxes or tax proceedings, which are purely equitable actions, and not to actions brought to recover the amount of taxes illegally collected, which are purely actions at law. The second count states only a legal cause of action, which includes the cause of action stated in the first count. Indeed, the first count might be stricken out without detriment to the plaintiff. No good reason is perceived why the two counts may not be joined in the same action.

2. It is also maintained that the complaint shows on its face that the money sought to be recovered was paid voluntarily, and hence cannot be recovered. We think otherwise. The complaint in both counts shows a compulsory payment, within the rule of *Parcher v. Marathon Co.*, 52 Wis., 388, and the cases there cited.

3. It is further claimed that the complaint is defective in that it fails to allege that the plaintiff presented to the common council of the defendant city, before this action was

AUGUST TERM, 1881.    443

Ruggles vs. The City of Fond du Lac.

brought, his claim for repayment of the alleged illegal taxes collected of him.  The city charter provides that no action shall be maintained against the city, *on contract*, until the claimant shall have presented a statement of his claim to the council, and a regular meeting shall have passed without an adjustment thereof.  Laws of 1879, ch. 240, sec. 203.  While, probably, we should hold that, in respect to a cause of action within the provision, such presentation is a condition precedent to the right to maintain any action therefor, and hence, under a familiar rule of pleading, should be averred (*Redman v. Ins. Co.*, 49 Wis., 431), we think the cause of action stated in the complaint is not within the true intent and meaning of the provision.  This action rests upon the justice and equity of the plaintiff's claim, and involves no contract relation between the parties, directly or indirectly.  It is a mere fiction of the law — invented, it is true, in the interests of justice, but still a fiction,— which conclusively implies a promise to pay in such cases, and gives an action thereon.  We think the charter provision relates to cases in which there exists an actual contract relation between the city and the claimant.

4. There is no averment in the complaint that the plaintiff's indebtedness therein stated has not been once allowed to him, in the valuation of other credits, for assessment and taxation. We think there is no presumption that any such allowance has been made.  If he has already had the benefit of an exemption from taxation, on account of such indebtedness, by having the amount thereof deducted from the valuation of other credits, that is matter of defense.  He need not negative the fact in his complaint.

This disposes of all objections to the complaint which it is deemed necessary to notice.  Our conclusion is, that there is no misjoinder of causes of action in the complaint; that each count states a cause of action; and hence that the demurrer was properly overruled.

*By the Court.*— Order affirmed.