BRADLEY and others vs. THE CITY OF EAU CLAIRE.

*November 4 — November 21, 1882.*

*(1) City charter: words " claim or demand" construed. (2) Whether action on contract.*

1. The words "claim or demand," in a city charter which provides that "no action shall be maintained by any person against the city . . . upon any *claim or demand,* until such person shall first have presented his claim or demand to the common council for allowance," etc., apply to claims or demands arising *upon contract* only, and not to a claim or demand arising out of a tort. *Kelley v. City of Madison,* 43 Wis., 638.

2. An action to recover taxes illegally collected is not an action upon contract. *Ruggles v. Fond du Lac,* 53 Wis., 436

APPEAL from the Circuit Court for *Eau Claire* County. The case is thus stated by Mr. Justice TAYLOR:

"This action is brought to recover of the city of *Eau Claire* money paid to it by the plaintiffs in discharge of an

alleged illegal tax levied and assessed against them. There is no dispute about the sufficiency of the allegations of the plaintiffs' complaint showing the illegality of the tax which was collected of the plaintiffs, nor of their right to have the money so paid by them refunded by the city, if the allegations of the complaint are true. The defendant demurred to the complaint, alleging as the only ground of demurrer 'that the complaint does not state facts sufficient to constitute a cause of action.' The demurrer was overruled, and from the order overruling the same the defendant appeals to this court."

For the appellant there was a brief signed by *J. H. Culbertson*, as attorney, and *W. F. Bailey*, as counsel, and the cause was argued orally by *Mr. Culbertson*.

For the respondents there was a brief by *Cottrill, Hanson & Brown*, and oral argument by *Mr. Hanson*.

TAYLOR, J. It is said by the learned counsel for the appellant that the demurrer should have been sustained, because the charter of the city of *Eau Claire* provides that "no action shall be maintained by any person against the city of *Eau Claire*, upon any claim or demand, until such person shall first have presented his claim or demand to the common council for allowance, and allowance thereof refused by the council;" and that "the determination of the council, disallowing in whole or in part any claim of any person, shall be final and conclusive, and a perpetual bar to any action in any court founded on such claim, except that such person may appeal to the circuit court, as provided in said charter." Secs. 23, 24, subch. 7, ch. 16, P. & L. Laws of 1872. Subsequent sections prescribe how an appeal may be taken from the determination of the common council disallowing a claim.

It seems to us very clear that unless a long line of decisions in this court are to be overruled, the learned circuit judge

was right in overruling the demurrer in this case. The words "claim or demand," as used in the charter, must be restricted to claims or demands arising upon contract, and not to a claim or demand arising out of a tort. The reasons for so restricting the meaning of these words in the charter are the same as those urged by this court in the cases of *Stringham v. Supervisors*, 24 Wis., 594; *Kelley v. Supervisors*, 42 Wis., 97; *Kelley v. City of Madison*, 43 Wis., 638; and *Ruggles v. Fond du Lac*, 53 Wis., 436.

The case of *Kelley v. Supervisors, supra*, was an action to recover taxes illegally collected of the plaintiff, the same as the case at bar, and in that case the court held that the board of supervisors of the county had no power to pass upon and allow or disallow the same, and that such cause of action was not a "claim or demand" within the meaning of sec. 42, ch. 13, R. S. 1858, which provided that "no action shall hereafter be maintained by any person against a county, upon any claim or demand other than a county order, until such person shall first have presented his claim or demand to the board of supervisors of such county for allowance."

It is true that in the cases of *Stringham v. Supervisors*, and *Kelley v. Supervisors, supra*, in construing the words "claim or demand," as used in said sec. 42, great weight is given to the fact that in sec. 27 of the same chapter, in defining the powers of the board of supervisors, it is provided that they shall have power "to examine and settle all accounts of the receipts and expenses of the county, and to examine, settle, and allow all accounts chargeable against such county, and when so settled they may issue county orders therefor, as provided by law;" and that secs. 37 and 38 prescribe the manner in which accounts shall be made out and presented to the board, and authorizes the board to disallow an account in whole or in part; and it is urged by the court, in the decisions in these cases, that as these sections only authorize the board to allow or disallow

accounts when presented to the board, and not claims or demands growing out of a tort, it was clear that the words " claim " and " demand," as used in sec. 42, must mean claims and demands arising upon contract, and which could be presented to the board in the shape of an account, and passed upon by the board as such. It may be said, therefore, that these cases are not conclusive of the question in the case at bar, under a charter which differs in some respects from the law governing the county board at the time those cases were decided.

But the case of *Kelley v. City of Madison, supra,* arose under the provisions of the charter of the city of Madison which is in all respects the same as the charter of the city of *Eau Claire* upon the question in controversy in the case at bar. Secs. 22, 23, 24, and 25 of the charter of the city of Madison, which are referred to in the opinion of the chief justice in the case of *Kelley v. City of Madison,* so far as they have any bearing upon the construction which should be given to the words " claim or demand," are literally the same as secs. 21, 22, 23, and 24 of subch. 7 of the charter of *Eau Claire.* In the *Kelley Case* it was held that an action for a tort could be maintained against the city of Madison notwithstanding the charter provisions which declared that " no action shall be maintained by any person against the city of Madison until such person shall first have presented his claim or demand to the common council for allowance." This is the exact language of said sec. 23 of the *Eau Claire* charter, except that the words " and allowance thereof refused by said council " are added in the *Eau Claire* charter. Every argument which was used in the case of *Kelley* in construing the words " claim or demand " as not including an action for a tort, is strictly applicable to the case at bar, and must govern in the decision of this case.

In *Ruggles v. Fond du Lac, supra,* this court held that an action to recover taxes illegally collected was not an action

upon contract.    We hold, therefore, that the complaint does state a cause of action, and the demurrer was properly over-ruled.    It is equally clear that the demurrer was properly overruled upon the authority of *Sheel v. City of Appleton*, 49 Wis., 125; and *Benton v. City of Milwaukee*, 50 Wis., 372.

Having come to the conclusion that the demurrer was properly overruled, for the reasons above stated, it becomes unnecessary to discuss the other questions raised by the learned counsel for the respondents in their brief.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings.