Jung vs. The City of Stevens Point.

Jung, Respondent, vs. The City of Stevens Point, Appellant.

*September 27 — October 15, 1889.*

*(1) City charter: Words " claim or demand" construed. (2-4) Submerged highway: Injury to person: Contributory negligence: Court and jury: Special verdict: Instructions.*

1. A provision in a city charter that no action shall be maintained against the city upon any *claim or demand* unless the claim has first been presented to the common council, applies to claims and demands arising upon contract only. An amendment to the section containing such provision, declaring it the duty of lot-owners to keep sidewalks in repair, and making them liable to the city for any sum it may become liable to pay for injuries caused by defective sidewalks, does not enlarge the meaning of the words " claim or demand."

2. In an action for personal injuries sustained while driving on a highway in a city, it appeared that the road, which ran beside a river, had been submerged at the place in question for several days, and that the city authorities had erected no barriers or warning signals; that the line of the road was clearly indicated by a fence along the land side; and that the plaintiff knew that a team and wagon had just passed over the submerged way in safety. The evidence tended to show that there was not a rapid current of water in the highway. *Held,* that it was a question for the jury whether the plaintiff was guilty of contributory negligence in attempting to drive along such submerged road.

3. An instruction, in such case, that if the jury found the plaintiff did not know the condition of the highway, but saw 'the water was over the road and there was nothing to indicate the line between the highway and the river, and then deliberately drove into the water on the highway without making any inquiry into the danger, they must find the plaintiff guilty of contributory negligence, was properly refused.

4. The court refused to submit as part of a special verdict the question, " Was the plaintiff guilty of a slight want of ordinary care which contributed to or caused the injury?" and submitted in its stead the question, " Was the plaintiff guilty of negligence which contributed to the injury?" *Held,* that it thereupon became the duty of the court, without further request, to explain to the jury,

with especial reference to the question submitted, what want of care on the part of the plaintiff would constitute negligence; and the failure to do so was error.

APPEAL from the Circuit Court for *Winnebago* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The plaintiff brought an action in the circuit court to recover damages of the defendant city for injuries sustained by him while traveling along one of the public highways of said city. He charges that he sustained the injury by reason of the neglect of the defendant to keep such highway in a reasonably safe condition for public travel. The highway upon which the injury was sustained was within the city limits, but outside of the densely populated part of the city. At the point in the highway where the injury was sustained, it ran along very near the banks of the Wisconsin river. There was a fence along the road on the land side thereof, but on the side next the river there was no fence or any other barrier. The accident happened on the 17th of April, 1886. At the time of the accident, and for some time previous thereto, the water of the river had risen above its banks, and overflowed the highway in question at the place where the injury occurred, and for about sixty rods in length along the road it was overflowed to the depth of three feet or more. The evidence tends strongly to show that the water was unusually high that spring, and at the time of the accident. The narrowest places on the overflowed road from the fence to the bank of the river were from nine to twenty feet. On the day of the accident the plaintiff and another man were driving along this river road in a two-wheeled vehicle drawn by one horse. The plaintiff was driving. Just before coming to the overflowed part of the highway, they met a man with a team, who had just passed along the overflowed road. As he passed them he testified that he told them to keep

close to the fence. The plaintiff testified that he did not hear him say anything. Plaintiff testified that when he came to the overflowed part of the road he saw the wagon tracks coming out of the water, and drove right along. After driving some distance, the man riding with him said "Stop now;" that he stopped there, and undertook to turn around, and, in turning, the horse went over the bank into the river, and he was also thrown into the river. He was afterwards taken out of the water insensible, and very nearly drowned. On his cross-examination he said that, when the horse got belly-deep in the water, then he turned back, and more he did not know. When the horse got belly-deep, he suddenly went down. Whether there was a cross current at the place where he stopped and turned he could not tell.

Upon the trial in the circuit court, the plaintiff had a verdict in his favor; and from the judgment entered on such verdict the defendant appeals to this court. The learned counsel assign for errors: (1) That the court erred in overruling the plea in abatement of the action pleaded by the defendant; (2) that the motion for a nonsuit should have been granted; (3) that the court erred in refusing to submit, as a part of the special verdict, a question propounded by the defendant, and submitting in its place one drawn by the court; (4) that the court refused to give an instruction asked by the defendant; (5) that the court erred in overruling the motion of the defendant to set aside the verdict as contrary to the law and evidence.

For the appellant there was a brief by *B. B. Park*, attorney, and *Cate, Jones & Sanborn*, of counsel, and the cause was argued orally by *B. B. Park* and *D. Lloyd Jones*. To the point that plaintiff was guilty of contributory negligence preventing a recovery, they cited *Parvis v. P., W. & B. R. Co.* 17 Atl. Rep. (Del.), 702; *Walker v. Westfield*, 39 Vt. 246; *Cremer v. Portland*, 36 Wis. 92; *Otis v. Janes-*

*ville,* 47 id. 422; *Bloor v. Delafield,* 69 id. 273; *Fox v. Glastenbury,* 29 Conn. 204; *Farnum v. Concord,* 2 N. H. 392.

*John F. Burke,* for the respondent.

TAYLOR, J. The question raised by the first assignment of error is whether, under the charter of the city of *Stevens Point,* it was not the duty of the plaintiff to present his claim to the common council for allowance, and whether that was not his only remedy. The charter of said city has the following provisions: "That no action hereafter shall be maintained by any person against the city of *Stevens Point* upon any *claim* or *demand* other than a city bond or order, unless such person shall have first presented his *claim* to the city council." Sec. 8, subch. 6, ch. 260, Laws of 1877, and sec. 1, ch. 191, Laws of 1881. Sec. 9 of said subch. 6 provides that "the determination of the common council disallowing . . . any claim of any person shall be final and conclusive, and a perpetual bar to any action in any court, . . . unless an appeal shall be taken from the decision," etc.

The provisions of the charter of *Stevens Point* above referred to are substantially and almost literally the same as the like provisions in the charters of the city of Madison and of the city of Eau Claire. This court considered and construed the meaning of the words "claim and demand" as used in said charters, and it was held that the words as used in said charters must be construed to mean claims and demands arising upon contract, and not arising out of a wrong or tort. See *Kelly v. Madison,* 43 Wis. 638; *Bradley v. Eau Claire,* 56 Wis. 168. The reasons given for such construction of the words used will be found in the opinions in said decisions, and need not be repeated here. Such reasons apply with the same force to the charter of *Stevens Point* as to the charters considered in the cases cited.

The learned counsel for the appellant admit that the language used in the original charter of *Stevens Point* is the same as that used in the Madison and Eau Claire charters, and should receive the same construction; but contend that the amendment of said sec. 8, subch. 6, ch. 260, Laws of 1877, shows that the legislature intended to enlarge the meaning of the words "claim and demand" so as to include claims arising out of tort as well as upon contract. The amendment added to said sec. 8 by sec. 1, ch. 191, Laws of 1881, has no necessary connection with the subject matter of the original section; and it would have been more in harmony with correct legislation had it been enacted as a separate section. The object of the amendment is twofold: *First*, to make it the duty of the adjoining owner to keep the sidewalk in front of his lot or lots in repair; and, *second*, to make him pay to the city any damages which it might be compelled to pay for any injuries received by reason of the owner's neglect to keep the sidewalk in front of his premises in repair. We are unable to understand how this addition to the section can in any way change the construction which should be given to the original section. This case, so far as the meaning of the words "claim and demand" is concerned, is ruled by the cases above cited. There was no error, therefore, in overruling the plea in abatement of the action. The action was properly commenced in the circuit court.

Upon the second assignment of error, the learned counsel for the appellant insist that, upon the whole evidence, it is clear that the plaintiff was guilty of contributory negligence in attempting to drive along the submerged part of the highway where the accident occurred. Upon all the evidence in the case, we are very clear that the question of contributory negligence in attempting to drive along the submerged way was a question of fact for the jury, and not of law for the court. The evidence shows that the place

had been submerged for several days, perhaps a week; that the city authorities had placed no barriers or warning signals at the place where the road was submerged. The line of the road was clearly indicated by the fence along the land side, which had not been washed away; and it was known to the plaintiff that a team and wagon had just passed over the submerged way in safety. There is no evidence that there was a rapid current of water in the highway; on the other hand, the evidence tends, at least, to prove that the water in the way was not moving rapidly. The evidence does not present a situation of affairs like that presented in the case of *Hopkins v. Rush River*, 70 Wis. 10. We think there was no error in refusing to nonsuit the plaintiff.

The third error assigned is the refusal of the court to submit the following question to the jury as a part of their special verdict, viz.: "Was the *plaintiff* guilty of a slight want of ordinary care which contributed to or caused the injury complained of?" and for submitting in its stead the following question: "Was the plaintiff guilty of negligence which contributed proximately to the injury?" It is evident that a most material question in this case was the question of the negligence of the plaintiff. It was a question which, upon all the evidence in the case, the jury might have found for or against the plaintiff; and their verdict could not have been set aside as being unsupported by the evidence. In this state of the evidence, it was highly important, to the defendant at least, that the law in regard to what would be contributory negligence on the part of the plaintiff should be clearly stated to the jury. While we are not inclined to hold that it was error to decline to submit the question in the form presented by the defendant, or to submit it in the form in which it was submitted by the court, we are of the opinion that, when the question is submitted in the general form used in this case, it is the

duty of the judge, when his attention has been called to the matter by the defendant in requesting a submission in the form stated by him, to define what want of care on the part of the plaintiff would constitute negligence. There can be no doubt that it would have been error if the court, upon the express request of the defendant, had refused to instruct the jury that a slight want of ordinary care on his part, which contributed proximately to the injury, would be such negligence on his part as would defeat his action, and that such want of ordinary care would be negligence, within the meaning of the question propounded to the jury by the court. *Ward v. M. & St. P. R. Co.* 29 Wis. 144, 151; *Dreher v. Fitchburg,* 22 Wis. 675, 678; *Bloor v. Delafield,* 69 Wis. 273, 279; *Cremer v. Portland,* 36 Wis. 92, 100. Ordinary care in a given case is that care which the great majority of men would exercise under like circumstances. "Slight negligence" and "slight want of ordinary care" are not convertible terms. A man may be slightly negligent in a given case, and may still be in the exercise of that ordinary care which most men would exercise under the same circumstances; but, if he is guilty of a slight want of ordinary care, then he does not act as men of ordinary care would act under the same circumstances. It is only the extremely cautious man who does not commit slightly negligent acts; but the law does not defeat the recovery of damages caused by the negligence of another, unless the complaining party has himself been guilty of some neglect or want of care, which contributed to the injury, which men of ordinary caution would not have committed under like circumstances.

In submitting the question to the jury as to the contributory negligence of the plaintiff, the court instructed the jury as follows: "It is claimed by counsel for defendant, and evidence has been given tending to prove, that the plaintiff himself was guilty of contributory negligence.

Contributory negligence means that he himself was guilty of negligence which contributed proximately to the injury. Proximate means direct or immediate. This question means, was the plaintiff guilty of negligence which contributed proximately to the injury? In answering that question, you take into consideration all the evidence bearing upon the subject. You will take into consideration the height of the water at the time, the manner in which he drove in there, and all the surrounding circumstances as shown by the evidence, and then answer the question as you may find the fact to be, from the evidence." This instruction is not in itself objectionable. Still it is most general in its terms, and in no way enlightens the jury as to what is meant by the term "negligence" found in the question. It does not point out what degree of negligence on the part of the plaintiff would defeat his action.

It might be urged that, if the defendant did not think the instruction given sufficiently full and explicit, it was his duty to call the attention of the court to that fact, and request more definite instructions. In this case, we think the defendant had in fact called the attention of the court to the instruction desired by him by proposing the question he desired the jury to answer; and when that question was refused, and a general question of negligence submitted, it became the duty of the court to instruct the jury particularly as to what degree of negligence on the part of the plaintiff would defeat his right of action. See *Hart v. Red Cedar*, 63 Wis. 634. Proposing the question by the defendant to be submitted to the jury was equivalent to a request to instruct the jury substantially as stated in the proposed question.

It is urged that in other parts of the instructions the court did, to some extent, explain what was meant by "negligence." We do not think, if such be the fact, that it cures the difficulty. These instructions were given as applicable

to, and explanatory of, the other questions submitted, and not to this particular question as to the negligence of the plaintiff. The jury would be guided by what the court said as applicable to this particular question, and would not be likely to consider what had been said upon the submission of the other questions in the case.

The fourth error assigned is the refusal of the court to give an instruction asked by the defendant.[1] We think the instruction was properly refused — *first*, because, upon the facts stated in the instruction, it would still be a question of fact, and not of law, whether the plaintiff was guilty of negligence which would defeat his action; and, *second*, because all the established facts proved on the trial were not stated in the proposition. The important fact omitted is that the plaintiff, at the time, knew that a double team and wagon had just passed safely along the road and through the overflow.

As there must be a reversal of the judgment for the neglect of the court to properly instruct the jury upon the question of contributory negligence on the part of the plaintiff, it becomes unnecessary to pass upon the other questions discussed by the learned counsel for the appellant.

*By the Court.*— The judgment of the circuit court is reversed, and the case is remanded for a new trial.

---

[1] The instruction referred to was as follows: "If you find from the evidence that the plaintiff, *Mr. Jung*, did not know the condition of the highway, but saw that the water was over the road and that there was nothing to indicate the line between the highway and the river, and then deliberately drove his horse into the water on the highway without making any inquiry into the danger in so doing, you must find that there was a want of ordinary care on the part of the plaintiff which contributed to the injuries complained of, and answer question No. 7, 'Yes.'" Question No. 7 was: "Was the plaintiff guilty of negligence which contributed proximately to the injury?" — REP.