Vogel vs. The City of Antigo.

VOGEL, Respondent, vs. THE CITY OF ANTIGO, Appellant.

*February 27 — March 22, 1892.*

(*1*) *Municipal corporations: Statement of wrong to common council, before tort action will lie: Charter construed: "Claim or demand."* (*2*) *Unauthorized appeal: Jurisdiction.*

1. The charter of the city of Antigo (ch. 197, Laws of 1889) provides, in sec. 139, that "no action in tort shall lie or be maintained against the city" unless a statement of the wrong, etc., shall be presented to the common council within sixty days; in sec. 140, that no action shall be maintained "upon any claim or demand" until it has been presented to the common council and "been disallowed in whole or in part;" and in sec. 141, that the determination of the council "disallowing in whole or in part any claim" shall be final unless an appeal is taken. *Held*, that as to torts there is a right of original action against the city upon presentation of the statement as required, but no determination by the council and no appeal are provided for. The words "claim or demand" in secs. 140, 141, refer only to such as arise *ex contractu*.

2. No appeal being authorized by the charter in case of a tort, the circuit court to which such an appeal is taken obtains no jurisdiction thereof, even though the parties appear.

APPEAL from the Circuit Court for *Langlade* County. The facts are stated in the opinion.
*Geo. W. Latta,* for the appellant.
*Benj. M. Goldberg,* for the respondent.

ORTON, J. This appeal is from the order denying the motion of the defendant to dismiss the appeal taken by the plaintiff from the action of the common council disallowing her claim for damages occasioned by the dangerous and defective condition of a sidewalk in said city, on the grounds that it was taken without authority of law and that the court has no jurisdiction of the defendant or the subject of the action.

This is the case: On the 22d day of July, 1890, the re-

spondent filed with the clerk of the city of *Antigo* a notice, addressed to the mayor and common council of said city, setting forth the defective and dangerous condition of a certain sidewalk in said city, whereby, while carefully walking thereon, she was seriously injured in her person; and that she claimed $2,000 damages of the city therefor. The statements in said notice were duly verified by the respondent. The said claim for damages was disallowed by the common council on the 2d day of September, 1890, whereupon the respondent appealed from said disallowance to the circuit court, and gave a proper bond for an appeal in such case; and the record of the common council of this proceeding was duly transmitted to the clerk of the circuit court. In the circuit court the respondent gave notice to have formal pleadings made, noticed the case for trial, and once the parties stipulated for its continuance to the next term.

There are two questions in the case: *First,* whether this claim for damages in *tort* can be brought to the circuit court by an appeal from their disallowance by the common council; *second,* whether the parties gave jurisdiction to the circuit court by consent to try and determine the same, if the matter was not appealable. The charter of the city, in sec. 139 of ch. 197, Laws of 1889, provides that "no action in *tort* shall lie or be maintained against the city of Antigo, unless a statement in writing, signed by the person injured or claiming to be injured, of the wrong and circumstances thereof, and amount of damages claimed, shall be presented to the common council within sixty days after the occurring or happening of the *tort* alleged." It will be observed that the statement contained in the above notice fulfils the requirement of the above section in every respect. The next section (140) provides that no action shall be maintained "upon any claim or demand" until it has been presented to the common council, "and the same has been *disallowed in*

*whole or in part."*   Sec. 141 provides that the determination of the council " disallowing *in whole or in part* any claim " shall be final and conclusive, and a bar to any action, unless an appeal, etc.  Sec. 142 provides for the manner of appeal-·ing to the circuit court.

It will be observed that the language is quite different in respect to an action in the two sections 139 and 140.   In the first it is:  " No action shall *lie* or be maintained unless a statement of the tort is made," etc.   In the other it is: *" No action shall be *maintained until* the *claim* or *demand* has been presented and disallowed," etc.   The first language is only pertinent to the *commencement* of an action, and the other is pertinent to the *maintenance* of an action by an appeal.  In the first, the *presentation* of the statement of the tort or wrong and circumstances and the amount of the damages claimed, fulfils the condition precedent to the action.  There need be no disallowance of the damages or any action of the council upon them.  An action can be-commenced immediately after such presenta-·tion, if that has been made within sixty days after the occurring or happening of the tort alleged.  In the other the action cannot be maintained by appeal, and must be delayed, *until* disallowance.  The delay is a necessity, for there could not be an appeal without disallowance.  The disallowance is in no sense a condition precedent to be performed by the claimant.  The disallowance depends upon its occurrence simply.  The first gives the right of action on the performance of the condition.  The other gives no right of action at all, but rather prohibits it, and gives only the right to maintain an action by an appeal from the disallowance.  The remedies are essentially different.  For " torts or wrongs " there is a right of original action; but · for " claims and demands " the only right of action is by · appeal, and they cannot· be interchangeable.  As to the torts or wrongs there can be no appeal, for there is noth-

ing to appeal from; and as to claims and demands there is
no right of original action, and there is only an appeal.

This argument is conclusive, irrespective of the meaning
of the words "claims or demands." Even if these words
could be held to embrace a tort, the right of appeal is not
given for torts, but an appeal is absolutely precluded by the
higher right of an original action. The language, disallow-
ance "*in whole or in part*," is not appropriate to a tort
where the damages are indivisible and an entirety. Such
damages could not be allowed or disallowed, in whole or in
part, by the common council, without a full common-law
trial before them on evidence of the nature and extent of
the personal injury, involving medical expert testimony,
and of negligence or due care. The common council has
no such judicial functions or facilities for the trial of such a
case. It would seem that the common council ought to be
able to pass intelligently and fully on such a case in order
to arrive at a result of strict legal justice, in order to save
the expense of an appeal and of an adverse decision. But,
unreasonable as it appears, the statute may be broad enough
in its terms to embrace this class of claims, and require their
submission to. the council for allowance or disallowance,
and make an appeal from the disallowance the exclusive
remedy. There is nothing in these provisions of this char-
ter to indicate a different case from those of *Bradley v.
Eau Claire*, 56 Wis. 168, and *Kelley v. Madison*, 43 Wis.
638; and *Ruggles v. Fond du Lac*, 53 Wis. 436,— in which
the language " claims or demands " is held to mean only
such claims or demands as are *ex contractu*. The strong and
comprehensive language of the charter of the city of Ap-
pleton compelled the court to hold that torts were embraced
within the requirement of disallowance and appeal. And
in *Sheel v. Appleton*, 49 Wis. 125, the language is, " claims
or demands of any kind whatever, whether arising from
contract or otherwise," which this court held embraced

damages for torts.   Such a provision is very unreasonable, as we have seen; but this court only declares the law as it is, and does not make it.   The plain and unambiguous language of a statute must govern, unless there is something in the act itself to clearly indicate that such could not have been the intention of the legislature.   The filing of the statement of this personal injury, the defective condition of the sidewalk causing it, and the amount of damages claimed therefor, was the performance of a condition precedent to the plaintiff's right to institute an action against the city.   The common council had no jurisdiction to pass upon the claim or to disallow it.   They might, of course, allow any reasonable amount by way of compromise, but nothing more.

The second point made — that, notwithstanding the court had no jurisdiction upon the record of the appeal, it has jurisdiction of the subject matter and of the person by the consent of the parties — has been too often decided by this court to be an open question; and lastly in *Plano Mfg. Co. v. Rasey,* 69 Wis. 246, with authorities cited in the opinion of the chief justice.   See, also, *Fleming v. Appleton,* 55 Wis. 90; *Watson v. Appleton,* 62 Wis. 267.   The circuit court cannot obtain jurisdiction over an appeal except in accordance with the statute.

The circuit court ought to have dismissed the case.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with direction to dismiss the case for want of jurisdiction.