Sommers vs. City of Marshfield.

SOMMERS, Respondent, vs. CITY OF MARSHFIELD, Appellant.

*March 7 — April 3, 1895.*

*Municipal corporations: Charter construed: " Claim or demand:" Injury from defective sidewalk: Primary liability of lot owner.*

1. The words "claim or demand," as used in the charter of Marshfield (making presentation to and disallowance by the common council a condition precedent to the maintenance of an action thereon against the city), do not include a cause of action for personal injuries by reason of a defective street or sidewalk.

90   59
91   495
90   59
98   488
98   544
90        59
d113   2  71

2. The provisions of the charter that the council may prescribe the material, manner, and time for the construction of sidewalks by the owner or occupant of the adjoining lot, and if he neglects or refuses to construct the same may do it at the expense of the lot, do not make such owner or occupant primarily liable for injuries caused by defects in such walks; nor is he made so liable by other provisions of the charter making it his duty to keep the walks free from snow, ice, or other obstructions, and imposing a penalty for failure to do so; nor is he made so liable by ch. 471, Laws of 1889 (sec. 1339b, S. & B. Ann. Stats.), providing that whenever any injury happens by reason of any defect in any street for which the city would be liable, the person by whose wrong, default, or negligence such defect was caused shall be primarily liable.

APPEAL from an order of the circuit court for Wood county: CHARLES M. WEBB, Circuit Judge. *Affirmed.*

The complaint alleges that on January 31, 1893, the plaintiff fell and fractured his shoulder bone, by reason of the insufficiency and want of repair of the sidewalk along the easterly side of Spruce street in the defendant city, at the place therein designated; and, for another cause of action, that on February 22, 1893, he slipped and fell and was severely injured, by reason of the insufficiency and want of repair of the sidewalk along the northerly side of A street, at the point therein designated. The defendant demurred to the complaint on the grounds, among others, that there is a defect of parties defendant in that the owners of lots adjoining the defective sidewalks should have been joined, and that the complaint does not state facts sufficient to constitute a cause of action. From an order overruling the demurrer the defendant appeals.

*W. A. Pors,* for the appellant.

*Geo. L. Williams,* for the respondent.

CASSODAY, J. The complaint alleges, in effect, the notice required by sec. 1339, R. S., and no question is made as to that notice. The charter provides, in effect, that no action

shall be maintained by any person against the defendant city upon any "claim or demand until such person first shall have presented his claim or demand to the common council for allowance, and the same shall have been disallowed in whole or in part," and provides that a failure to act upon such claim or demand shall be deemed a disallowance. Laws of 1891, ch. 160, subch. 5, sec. 4. It is contended that the complaint is fatally defective because of its failure to allege such presentation and disallowance. But this court has repeatedly held that the words "claim or demand," as used in the charter, do not include a cause of action for personal injury by reason of a defective street or sidewalk. *Kelley v. Madison,* 43 Wis. 638; *Bradley v. Eau Claire,* 56 Wis. 168; *Hill v. Fond du Lac,* 56 Wis. 242; *Jung v. Stevens Point,* 74 Wis. 547; *Vogel v. Antigo,* 81 Wis. 642. "Claim or demand," as thus used, include only such as arise upon contract. *Ibid.*

The charter further provides that the common council of the city may prescribe the material, the manner, and the time for the construction of sidewalks by the owner or occupant of the adjoining lot or land; and that if such owner or occupant neglects or refuses to so construct the same then the city may do so at the expense of such lot or land. Laws of 1891, ch. 160, subch. 12, sec. 1. But these provisions of the charter do not make such owner or occupant primarily liable for injury happening by reason of a defect of such sidewalk. *Cooper v. Waterloo,* 88 Wis. 433. Nor does ch. 471, Laws of 1889 (sec. 1339*b*, S. & B. Ann. Stats.), make such owner or occupant primarily liable. *Ibid.* It is still more obvious that the provisions of the charter (sec. 2, subch. 12, ch. 160, Laws of 1891) making it the duty of such owner or occupant to keep all sidewalks around the same free from snow, ice, rubbish, boxes, barrels, or other obstructions interfering with persons traveling thereon, and imposing a penalty for failure to perform such duty, do not make such lot owner or occupant primarily liable for injury happening

by reason of such defects. It follows that neither the owner nor occupant of the adjoining lot was a necessary or even a proper party.

*By the Court.*— The order of the circuit court is affirmed.