Flieth vs. City of Wausau.

FLIETH, Appellant, vs. CITY OF WAUSAU, Respondent.

*May 5 — May 22, 1896.*

*Municipal corporations: Action to recover illegal taxes: Condition precedent: Pleading.*

Under a city charter providing that no action shall be maintained against the city upon any claim or demand, other than a city bond or order, unless a claim therefor shall have been first presented to the council, and that no action in tort shall lie unless a statement of the wrong, etc., shall be presented to the council within ninety days after the happening of the tort alleged, presentation of a claim for the recovery of illegal taxes paid under protest is a condition precedent to the right to bring an action therefor, and a failure to allege such presentation constitutes a fatal defect in the complaint.

Flieth vs. City of Wausau.

APPEAL from an order of the circuit court for Marathon county: CHAS. M. WEBB, Judge. *Affirmed.*

This action is for the recovery of the amount of an alleged illegal tax paid to the defendant city by plaintiff under protest. The complaint does not state that any claim was presented to the common council for consideration before suit brought; otherwise it is conceded that it states a good cause of action. Defendant demurred to the complaint upon the ground, among others, that it fails to state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appealed.

For the appellant there was a brief by *Brown & Pradt,* and oral argument by *Neal Brown.*

For the respondent there was a brief by *Bump, Kreutzer & Rosenberry,* and oral argument by *E. L. Bump.*

MARSHALL, J.    Sec. 47 of the city charter of the defendant [Laws of 1883, ch. 151] contains the usual provision that no action shall be maintained by any person against the city upon any claim or demand, other than a city bond or order, unless such person shall have first presented his claim to the common council of said city, etc. It also provides (sec. 161) that no action in tort shall lie or be maintained against the city unless a statement in writing, signed by the person injured or claiming to be injured, of the wrong and the circumstances thereof, and the amount of damages claimed, shall be presented to the common council within ninety days after the occurring or happening of the tort alleged.

That the words " no claim or demand," as used in sec. 47 of the city charter, apply only to demands arising on contract, is established by a long line of decisions in this court. *Stringham v. Winnebago Co.* 24 Wis. 594; *Kellogg v. Winnebago Co.* 42 Wis. 97; *Kelley v. Madison,* 43 Wis. 638; *Ruggles v. Fond du Lac,* 53 Wis. 436; *Bradley v. Eau Claire,* 56 Wis. 168; *Jung v. Stevens Point,* 74 Wis. 547; *Van Frachen*

*v. Fort Howard*, 88 Wis. 570. And that a claim to recover back illegal taxes paid under protest is not an action on contract is ruled by *Ruggles v. Fond du Lac, supra.* And that, the foundation for such a claim being the wrongful possession of money belonging to the claimant, notwithstanding the fiction of the law that there is an implied promise for its repayment, which supports an action in form as for money had and received, it must be classed as an action sounding in tort and not on contract, is ruled by *Ruggles v. Fond du Lac, supra,* and *Bradley v. Eau Claire, supra.*

From the foregoing, whether the claim is classed as one arising on contract or one sounding in tort, presentation of it to the city council was a condition precedent to the right to bring this action; and the failure to allege such presentation constitutes a fatal defect in the complaint, which justified the trial court in sustaining the demurrer thereto. *Wentworth v. Summit,* 60 Wis. 281; *Sheel v. Appleton,* 49 Wis. 125; *Benware v. Pine Valley,* 53 Wis. 527.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.