## ADAMS et al. v. CITY OF MODESTO.*

### Sac. No. 659; July 20, 1900.

#### 61 Pac. 957.

**Municipality—Claim for Damages—Demand.**—Under act of March 13, 1883, chapter 49, subchapter 7, section 864, providing that all demands against a city or town shall be presented to and audited by the board of trustees in accordance with such regulations as they may prescribe by ordinance, where plaintiff sued defendant city for damages for maintaining a nuisance, his failure to make a demand on the city prior to the suit was fatal to his cause of action, since the term "demands," as used in the statute, includes claims for damages for torts as well as on contract.

**Municipality—Claim for Damages—Demand.**—Where plaintiff sued defendant city for damages for maintaining a nuisance, without making a demand prior to the suit, and defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action, it did not waive its right to raise the objection of plaintiff's failure to make a demand, required by act of March 13, 1883, chapter 49, subchapter 7, section 864, on appeal.

*For subsequent opinion in bank, see 131 Cal. 501, 63 Pac. 1083.

**Municipality—Claim for Damages—Presenting and Auditing.—** Under act of March 13, 1883, chapter 49, subchapter 7, section 864, providing that all demands against a city shall be presented to and audited by the board of trustees in accordance with such regulations as they may by ordinance prescribe, where plaintiff sued defendant city for damages, without making a demand prior to the suit, and the petition contained no averment that the city had not passed any ordinance prescribing in what manner such demands should be presented, plaintiff cannot excuse his noncompliance with the statute on the ground of the city's failure to pass such ordinance.

APPEAL from Superior Court, Stanislaus County.

Action by David Adams and others against the city of Modesto. From a judgment in favor of plaintiffs, and from an order denying a new trial, defendant appeals. Reversed.

P. J. Hazen for appellant; Needham & Dennett for respondents.

CHIPMAN, C.—Action to abate a nuisance and for damages. Plaintiffs had judgment, from which, and from the order denying its motion for a new trial, defendant appeals.

Defendant demurred to the complaint for insufficiency of facts, and in the specifications in support of the motion for new trial it was specified "that there is no evidence that any claim was ever presented to the defendant city for the damage claimed by plaintiffs." The city of Modesto is a municipal corporation of the sixth class, and comes within the provisions of the act of March 13, 1883 (Stats. 1883, p. 93), subchapter 7, at page 266 et seq. Section 864 provides as follows: "All demands against such city or town shall be presented to and audited by the board of trustees, in accordance with such regulations as they may by ordinance prescribe; and upon the allowance of any such demand the president of the board shall draw a warrant," etc. Section 878 provides, among other things, that "the clerk shall also keep a book, marked 'Demands and Warrants,' in which he shall note every demand against the city or town, and file the same. He shall state therein, under the note of the demands, the final disposition made of the same. . . . . This book shall contain an index, in which reference shall be made to each demand. . . . . He and his deputy shall take all necessary affidavits to demands against the city or town, and certify

the same without charge.'' The act does not provide that no action shall be brought unless the claim is presented as required by section 864, nor is there a limitation as to the right to sue. Section 850 expressly provides that the corporation ''may sue and be sued in all courts,'' etc. Respondent contends: (1) That it does not appear in the pleadings that the claim was not presented. (2) Failure to present a claim must be taken advantage of by demurrer or answer, or it will be regarded as waived; citing 15 Am. & Ency. of Law, p. 1194, note; Sheel v. City of Appleton, 49 Wis. 125, 5 N. W. 27. (3) Statutes requiring the presentation of claims are not usually held to include torts. (4) The act of 1883 requires the presentation of demands in accordance with such regulations as the trustees may by ordinance prescribe, and there is no evidence that the trustees have made any regulations on the subject, or that plaintiffs' claim does not comply with the prescribed form.

Bancroft v. City of San Diego, 120 Cal. 432, 52 Pac. 712, was similar to the present case. The action was for damages caused by grading a street so as to leave plaintiff's lot in a hollow several feet below the street. The claim for damages was not presented to the common council before suit. The city charter did not provide that no action should be brought unless the claim should be first presented. There was no limitation as to the right to sue, and it was claimed that the demand was for damages from a tort. The charter there read: ''All claims for damages against the city must be presented to the common council and filed with the clerk within six months after the occurrence from which the damages arose.'' It was held that a failure to present a claim is fatal to recovery in an action upon it. The term ''demands,'' as used in the act of 1883, is certainly broad enough to include ''all claims for damages,'' which latter are the terms used in the San Diego charter. We are unable to distinguish the present case from the Bancroft case. The term ''demands,'' therefore, includes damages for torts. Has defendant waived its right to raise the question? The point arises on general demurrer: Thompson v. City of Milwaukee, 69 Wis. 492, 34 N. W. 402; Flieth v. City of Wausau, 93 Wis. 446, 67 N. W. 731. Defendant demurred for insufficiency of facts, and the objection was, therefore, not waived. Whether a failure to demur or to raise the question by answer would be deemed a waiver

need not be decided. The act provides that demands must be presented to the trustees "in accordance with such regulations as they may by ordinance prescribe." The act requires the demand to be presented to the trustees to be audited, it is true; but the act authorizes them, also, to allow the demand. As the legislative body of the city they have more extensive powers in matters of demands against the city than ordinarily pertain to the duties of auditing committees of boards of trustees. If, as was held in the Bancroft case, and as we now hold, it was necessary to present the claim to the trustees before suit, and that the fact should appear in the complaint, it would seem to follow that, if plaintiffs wanted to excuse their noncompliance with this requirement, they should have alleged in their complaint that the trustees had made no regulations prescribing in what manner demands should be presented. This view of the point raised by defendant makes it unnecessary to further consider the case. The judgment and order should be reversed.

We concur: Cooper, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed.