McClure v. Supervisors of Niagara.

On the other, it is insisted that the case showed William G. McClune to have been the principal in the business, the plaintiff merely loaning to him his credit, and that the only relation existing between them was that of debtor and creditor. I think the evidence preponderated in favor of the former instead of the latter view of the case; but it is quite enough that there was any question on the subject.

The order granting a new trial should be reversed, and the judgment of the special term affirmed.

A majority of the judges concurred.

Order reversed, and judgment for plaintiff on the verdict, with costs.

## McCLURE v. THE SUPERVISORS OF NIAGARA.

### December, 1867.

Approving 50 Barb. 594; S. C., 33 How. Pr. 202.

An order of the general term, affirming an order of the special term allowing and adjusting costs, is not appealable to the court of appeals.[*]

It seems, that the provisions of L. 1859, p. 570, 262, § 2,—that no costs, &c., shall be recovered against a municipal corporation unless the claim was presented for payment to the chief officer of the corporation before the suit,—does not apply to actions for unliquidated damages arising ex delicto ;—e. g., to a claim for damages for property destroyed by a mob.

Melinda J. McClure sued the Board of Supervisors of the county of Niagara, in the supreme court, to recover from the county damages under the statute (L. 1855, c. 428, 3 R. S. 5 ed. 874), for her property, destroyed by a mob. The statute referred to provides that whenever any property " shall be destroyed or injured in consequence of any mob or riot, the city or county in which such property was situated shall be liable to an action by, or in behalf of, the party whose property was thus destroyed or injured, for the damages sustained by reason thereof." § 1. Other clauses of the act provide that such actions may be brought and conducted in the same man-

---

[*] But see Code of Pro., § 11, as amended in 1870.

ner as other actions may be by law, but must be brought within three months after the loss or injury; and that, on a recovery, the treasurer of the city or county must, on production of a certified copy of the judgment, pay the same.

In this action, the plaintiff recovered judgment; but, on adjustment of costs, the defendants objected that she was not entitled to costs, by reason of the provisions of section 2 of chapter 262 of the laws of 1859. That section declares that " No costs, fees, disbursements or allowance shall be recovered or inserted in any judgment against municipal corporations, unless the claim upon which such judgment is founded shall have been presented for payment to the chief fiscal officer of said corporation, before the commencement of an action thereon."

The claim upon which the action was founded was not presented for payment to the county treasurer of Niagara county, nor to any officer of the county, nor to the board of supervisors of said county, before the commencement of the action thereon.

The clerk overruled the objection, and allowed the plaintiff her costs, &c., taxing them at two hundred and six dollars and seventy-seven cents.

*The supreme court*, on appeal, affirmed the taxation, upon grounds substantially the same as those assigned in the opinion in this court. Reported in 50 *Barb.* 594; S. O., 33 *How. Pr.* 202. Defendants appealed.

*George D. Lamont*, for defendants, appellants. .

*P. L. Ely*, for plaintiff, respondent.

BY THE COURT.—DAVIES, J. [After stating briefly the facts, and the act of 1859.]—The order is clearly not appealable to this court. It is not a final order affecting a substantial right in an action after the judgment. It is part of the judgment itself, and if appealable at all, it is reviewable by this court only upon an appeal from the judgment. It is not an order which in effect determines the action and prevents a judgment. The case of Clarke *v.* City of Rochester, 34 *N. Y.* 355, is quite

decisive of this view; and the appeal should therefore be dismissed, with costs.

I think that upon the merits the order should be affirmed. This provision in the act of 1859, was clearly intended to protect municipal corporations from the payment of costs for demands which in their nature were capable of audit, and which the authorities were authorized to pay on presentation and adjustment. The intent of the statute is plain. It could never have contemplated that claims sounding in damages, the amount of which could only be ascertained by an investigation and the examination of witnessess, should have been presented for payment before suit brought.

Two questions would always immediately arise: 1. The corporate liability; and 2. The amount of damages. A claim of the character like that in controversy in this action is not within the meaning and intent of section 2 of the act of 1859. Such were the views of this court in the case of Howell v. City of Buffalo, 15 N. Y. 512. The charter of that city contained a similar provision to that found in section 2 of the act of 1859. The plaintiff sued the corporation of Buffalo for taking and conveying away and converting to its own use certain bank notes, of the value of three hundred and fifty-five dollars, the property of the plaintiff. The provision in the charter was: " It shall be a sufficient bar and answer to any action or proceeding in any court, for the collection of any demand or claim, that it has never been presented to the council for audit or allowance." It appeared that the demand or claim of the plaintiff had never been presented to the council for audit and allowance, and the corporation claimed that consequently the plaintiff was not entitled to recover.

The court held, that claims arising *ex delicto* were not required, by this section of the charter, to be submitted for examination and audit to the common council before action brought.

We are cited to a dicision of the general term of the second district (36 *Barb.* 226), holding a contrary doctrine. That court was of the opinion that the provisions of section 2 of the act of 1859 were applicable to claims on account of the

negligence or misconduct of the city authorities, as well as to demands upon contract.

This learned court does not seem to have had its attention called to the case of Howell v. City of Buffalo (*supra*). If it had, we are to assume its decision would have been conformed to it.

We cannot regard this case as an authority for departing from the principle enunciated by this court in the case of. Howell v. City of Buffalo; and if we were called upon to pass upon the merits of the order appealed from, we should have no hesitation in standing by the doctrine there laid down, and holding that this second section of the act of 1859 did not apply to a claim of the character presented in this action.

The appeal should be dismissed, with costs.

All the judges concurred except BOCKES, J., not voting.

Appeal dismissed, with costs.