CYRUS H. AND LEANDER J. McCORMICK, PLAINTIFFS IN ERROR, V. JAMES R. LAUGHRAN, DEFENDANT IN ERROR.

1. **Warranty:** EVIDENCE: ERROR. Where oral proof of the terms of a warranty is received without objection, a party cannot allege error in the admission of such testimony, even if the record shows a written warranty.

2. **Trial:** VERDICT: Where a case is fairly submitted to the jury and the evidence on each side is nearly of equal weight, the verdict will not be set aside.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Andrew Bevins*, for plaintiffs in error.

*C. A. Baldwin*, for defendant in error.

MAXWELL, J.

This action was brought on certain promissory notes given by the defendant to the plaintiffs, in the year 1878, for a self-binding reaper. The defense is, 1st. A breach of warranty; and, 2d. Loss of grain from inability to cut the same. The court below in effect directed the jury to disregard the second defense, and no objection is made to such direction. The jury found in favor of the defendant, and judgment was rendered on the verdict dismissing the action.

I. It appears from the record that in July, 1878, the defendant purchased from Talbot Brothers, of Wahoo, agents of the plaintiffs, a self-binding reaper, for the sum of $315, paying $15 cash and giving his notes for the rest. The defendant testifies that "Talbots stated that they would furnish and sell me a good, first-class self-binder, made of good material, one that would cut and bind in a good, workmanlike manner from fourteen to fifteen acres per day, and that they would go up and put it in good running order, and warrant it to do the work as they had so represented, and if the machine did not work as represented, they—Talbot Brothers—would take the machine away without any costs or expense to me. I relied upon the representations and warranty made by Talbot Brothers," etc. This testimony was received without objection. Afterwards, during the examination of the same witness, objection was made to substantially a repetition of the same testimony, and the objection being overruled the plaintiffs excepted. The witness Talbot, called on behalf of the plaintiffs, also testified without objection to the character of the warranty. The objection that the warranty was not in writing, therefore, was not made in the trial court so as to be available, and cannot be considered here.

II. It appears from the testimony that from some cause, probably from the failure to adjust it properly, the binder

did not perform as well as could be desired; that the Talbots were unable to adjust it, and that the machine was taken back by the agent of the plaintiffs, and afterwards sold for $200 or $225, the proof not being entirely clear on that point. There is a conflict in the testimony as to the manner in which the machine was returned, the plaintiffs' agent testifying that the defendant requested him to take it back and sell it for not less than $200, and credit the proceeds on his notes, while the defendant testifies that there was no such request. The question was properly submitted to the jury, and we see no cause for disturbing the verdict. Substantial justice appears to have been done, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.