CATHARINE TAYLOR, Appellant, v. THE CITY OF COHOES, Respondent.

In an action brought, before the going into effect of the Code of Civil Procedure, against a municipal corporation, to recover damages for alleged negligence, the failure of the plaintiff to present the claim for payment to the chief fiscal officer of the corporation, does not deprive the plaintiff of the right to costs. The provision of the said Code (§ 3245), requiring such presentation as a condition precedent to the right to costs does not apply, and such a case is not within the purview of the law previously in force (§ 2, Chap. 262, Laws of 1859.)

*Baine* v. *City of Rochester* (85 N. Y. 523), distinguished.

*Dressel* v. *City of Kingston* (32 Hun, 526), overruled.

(Argued March 1, 1887 ; decided March 8, 1887.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 16, 1886, which reversed an order of Special Term denying a motion on the part of defendant for a retaxation of costs and which granted said motion.

This action was commenced in August, 1880; it was brought to recover damages for injuries alleged to have been caused by defendant's negligence. The trial resulted in a verdict for plaintiff for $2,000. Taxation of plaintiff's costs was opposed on the ground that plaintiff's claim was not presented to the chief fiscal officer of defendant before the commencement of the action.

*James Lansing* for appellant. This action having been brought prior to the 1st day of September, 1880, and before section 3245 of the Code of Civil Procedure took effect, must be governed, in regard to costs, by section 2, chapter 262 of the Laws of 1859. (Code of Civil Procedure, § 3356.) Under that act actions arising out of claims *ex delicto* were not required to be presented to the "chief fiscal officer" of municipal corporations for payment in order to recover costs where it appeared that such corporations had no power or authority to audit and pay such claims. (*McClure* v. *Sup'rs of Niagara*, 50 Barb. 594; *S. C.* 3 Abb. Dec. 83; *Child* v. *Vil. of W. Troy*, 23 Hun, 68; *McGaffin* v. *City of Cohoes*, 74 N. Y. 387; *Howell* v. *City of Buffalo*, 15 id. 512; *Quinlan* v. *City of Utica*, 11 Hun, 321; affirmed, 74 N. Y. 603.) Where the law antecedently to a revision is settled either by clear expressions in the statute, or by adjudications upon them, the mere change in phraseology shall not be deemed or construed as a change of the law, unless such change of phraseology evidently purports an intention in the legislature to work a change. (*Davis* v. *Davis*, 75 N. Y. 221; *Taylor* v. *Delaney*, 2 Cai. Cas. 151.) A re-enactment of the same provision in substantially the same terms as the former statute is deemed an adoption by the legislature of the judicial construction of the former act. (*People ex rel. Outwater* v. *Green*, 56 N. Y. 466; Throop Ann. Code Civil Pro. § 3245, *n.*) Assuming that a change had been made so that the Code provision required a presentation of claims for tort, the statute was fully met when service of the claim was made upon that body, who were authorized to pay the claim, unless

an officer had been specifically designated in the charter as the " chief fiscal officer" of the municipality, in which case presentation must be made to him. (*Judson* v. *Village of Olean*, 40 Hun, 158; *Butler* v. *City of Rochester*, 4 id. 321; *Williams* v. *City of Buffalo*, 25 id. 302; *Grier* v. *Lockport*, 21 Week. Dig. 444; *Gage* v. *Hornellsville*, 24 id. 300.)

*P. D. Niver* for respondent. The plaintiff was not entitled to costs because no claim was filed by the plaintiff with the chief fiscal officer of the defendant before the commencement of the action. (Laws of 1859, chap. 262, § 2; *Dressel* v. *City of Kingston*, 32 Hun, 256; *Judson* v. *Village of Olean* ; 24 N. Y. Week. Dig. 55; Code of Civ. Pro. § 3245; *Baine* v. *City of Rochester*, 85 N. Y. 523.)

*Per Curiam.* This action was brought before the new Code went into effect, and hence the section in regard to costs (3245) has no application here. The case must be decided under the act of 1859. (Chap. 262, § 2, Laws of 1859.) Under that section of the law this court substantially held that cases for the recovery of damages for injuries sustained by reason of the negligence of the servants of a municipal corporation were not within its purview. (*McClure* v. *Sup'rs of Niagara*, 3 Abb. Ct. App. Dec. 83; *Howell* v. *City of Buffalo*, 15 N. Y. 512; *McGaffin* v. *City of Cohoes*, 74 id., 387.) All of these cases did not arise under the act of 1859, but the principle decided in them is as stated.

The General Term in this case and in *Dressel* v. *City of Kingston* (32 Hun, 526) decided differently upon the authority of *Baine* v. *City of Rochester* (85 N. Y. 523). That case, we think, does not go to the extent assumed by the General Term.

In the first place it arose under the section of the Code above cited, and also the cause of action was *ex contractu.* It was held that in such an action it was not an answer to the requirement of that section of the Code to show that the city treasurer, the chief fiscal officer of the city, was not authorized to adjust or pay the claim upon presentation. It is true that

in the opinion in the Baine case it is not specially stated that the action arose on contract, yet this was its character, and the decision was made with such fact existing. Nothing was said in the opinion as to these other cases above cited, and it cannot be supposed that with reference to actions which were commenced while the act of 1859 was in force, the court meant to overrule them without making any reference to them whatever.

The Baine case is authority for just what was therein decided and it has not yet been decided that under the section of the Code (§ 3245), in an action of this nature a presentation of the claim must be made in accordance with its provisions before the commencement of the action, on pain of being deprived of costs, even if the plaintiff be successful.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs in both courts.

All concur.

Ordered accordingly.