Andrews, J.
This case is governed by the decision in Howells v. City of Buffalo, 15 N. Y. 512. It was there held that a charter provision in the charter of Buffalo declaring that “ it should be a sufficient bar or answer to any action or proceeding in any court for the collection of any demand or claim (against the city) that it had never been presented to the council for audit or allowance,” did not apply to claims arising ex delicto. The same principle of construction has been applied to statutory provisions prohibiting the allowance of costs in actions against municipal corporations, unless the claim upon which the action is founded had been presented to the chief fiscal officer of the corporation before the commencement of the action (Laws 1859, chap. 262 ; Code. Civ. Pro. § 3245; McClure v. Niagara, 3 Abb. Ct. App. Dec. 83; Taylor v. City of Cohoes, 105 N. Y. 54; Gage v. Village of Hornellsville, 106 Id. 667). The cases of Minick v. City of Troy, 83 N. Y. 514, and Reining v. City of Buffalo, 102 Id. 309, arose under the charter provisions, which in terms included claims ex delicto, and are not in conflict with the other cases.
The charter of Brooklyn, under which the present contention arises, declares that “ no action or special proceeding” shall be maintained against the city, unless it shall appear by the complaint that at least thirty days had elapsed' “ since the claim or claims upon which said action or special proceeding is founded were presented in detail and duly verified by such claimant or claimants, to the comptroller of said city for adjustment,” and a subsequent clause in the same section authorized the comptroller to require “ any person presenting for settlement an account or claim,” to be sworn, and answer orally as to any facts relative to the justness of such “account or claim” (Laws of 1888, chap. 583, title 22, § 30).
The words “ claim or account,” in connection with the purpose of presentation, and the designation of the officer io whom the presentation is to bo made, naturally indicate *291 claims on contracts which may in ordinary course be adjusted by the comptroller or chief financial officer or officers of the city, the justness of which may be ascertained by the summary method of examination provided.
There is nothing in the language of the charter to take the case out of the operation of the decisions. In Dickinson v. Mayor, etc. of N. Y. 92 N. Y., 584, and Brehm v. Mayor, etc. of N. Y., 104 Id. 186, it was assumed by counsel that the provision in the New York city charter, Laws of 1873, chap. 385, § 105, applied to actions ex delicto. Upon this assumption, the question was presented in the first case whether the statute of limitations, on a course of action for negligence commenced to run from the time of the injury, or from the time of the demand made on the comptroller, and it was held that the charter provision did not postpone the period for the commencement of the limitation prescribed by the general statute, and in the second case, that a delay of thirty days after presentation of a claim did not bar the cause of action, where the six years expired during that period. The court did not consider the question now presented.
There has been a diversity of opinion in the supreme court upon the question, but the general rule having been declared by this court in analogous cases, we think there is no reason for now changing it.
The opinions below contain an exhaustive review of the cases on the subject, and further elaboration is unnecessary.
We concur in the conclusion reached, and the judgment should be affirmed, with leave to the defendant to apply to the court below for leave to answer.
All the judges concurred.
*292 Note on the Effect of Statutes prohibiting the bring- . . ING OF AN ACTION EXCEPT UPON THE PERFORMANCE OF some Condition, such as demand, presentation of CLAIM, OR AUDIT.
At common law the doctrifie was generally recognized, that if a statute intervened to regulate the bringing of an action, which might be brought at comnion law, by prohibiting the bringing of it except in specified cases, or after compliance with a specified condition, the non-compliance was matter of defence to be specially pleaded, and that a declaration upon such a cause of action need not aver compliance with the statute. _ The most familiar illustration of this principle is in its application to the statute of frauds, and it is well settled that a declaration on a contract which is void unless in writing,.need not allege Avriting, although under a denial of the contract plaintiff must prove writing. The latest exposition of this view of the law as a general rule applicable to all such statutes, is in Nagel v. City of Buffalo, 34 Hun, 1, which, however, Avas overruled in Reining v. City of Buffalo, 102 N. Y. 308, and the latter decision is in accord with the general rule in nearly, if not all, of the other States.
On the other hand it was held at common law that if a statute gave a new action which would not lie at common law,, and prescribed similar essential conditions, performance of the-condition must be alleged by the plaintiff as well as proved. This rule is still in force. The first mentioned rule is also-still in force as far as the statute of frauds is concerned.
Under the Codes of Procedure the general rule is now well settled that Avhere a statute forbids any action of a specified class or nature to be brought until after the performance of a. condition precedent such as the presentation of the demand to the auditing officers of a town or county (cases 1-4) or to the council or some officer of a municipality (cases 5-6), or to the executors or administrators of a decedent (cases 7-8,) compliance with the statute must be alleged in the complaint, and if this is not done the complaint is bad on demurrer. The theory of the rule is that the statute precludes the arising of cause of action until the condition is performed. In the application of the rule much depends upon the language of the statute. Its provisions are to have a reasonable construction, keeping in view the object for which they were adopted, namely, to secure fair opportunity for reasonable investigation of the claim through the proper department or officer ; an evasive or colorable compliance is not sufficient.
The cases illustrating the very diverse manner in which such provisions have been interpreted and applied, which are *293 •collected in the note below, will probably afford the practitioner a better guide under such charters and local statutes, than could any general suggestions.
The terms of a recent general act, however, which is applicable to a claim against cities only of over fifty thousand inhabitants in this State, is worthy of special notice. The statute is as follows: "No action against the mayor, aldermen .and commonalty of any city in this State having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employee of said corporation, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause ■of action shall have accrued.'-’ L. 1888, c. 801, § 1.
It will be observed that this act contains two elements of time namely, notice to be given within six months, and action to be brought within one year. A reasonable construction of the statute requires the notice to be given before the action is brought, although the language of the statute may not expressly state this.
But the class of actions to which it applies is only that of personal injuries” sustained by reason of "negligence.” It follows that actions for an affirmative trespass committed by the city or its officers or a nuisance established by them to the ■special injury of the plaintiff, as in the case of a construction of a sewer casting sewage upon his premises,—are not barred by this short limitation; and on the other hand actions for ■injuries to property as distinguished from actions for personal injuries are not barred, even though the injury may have been -caused by negligence. (See case 31, and cases on the meaning ■of " personal injury ” in 2 Abb. New Pr. & F. 360, n. 5.)
It is worth noticing that a doubt has been expressed whether these restrictions are applicable to actions brought in a court of the United States if the action is one which would lie at • common law (case 32).
A different principle has been applied to statutes forbidding a court of general jurisdiction to adjudicate a claim which has not been presented ; for in such courts, jurisdiction need not appear on the face of the complaint (case 33). And the same principle has been recognized by our court of •■appeals in sustaining partition as not void for want of jurisdiction, in a case where the statute forbids partition.
*294 For some additional cases to those given in the note below, illustrating the forms proper for such demands and notice, see-1 Abb. New Nr. & Forms.

Notes of Cases.

I. Necessity of pleading demand, presentation, ete.
II. Effect of statutory phraseology.
III. Jurisdiction.
I. Necessity of pleading demand, presentation, etc. ■
1. Presentation to county.'] Maddox ®. County of Randolph, 65 Ga. 216. By the laws of Georgia, every county is made a body corporate, and how they shall be sued, served and when the claims must be presented, prescribed. A complaint may, therefore, be dismissed on motion because it showed no cause of action, where it fails to allege that the claim was presented for credit in the manner prescribed.
2. McCann v. Sierra County, 7 Cal. 121. Under the Californian-, statute (§ 24 of act of March 20, 1855, entitled “An act to create a board of supervisors in the counties of this state, and to define their-duties ”), providing that “ no person shall sue a county in any case for any demand unless he or she shall first present his or her claim to the-board of supervisors for allowance, and the same shall be rejected in whole or part,” a declaration that contains no averment that the claim, for damages for which an action was brought against a county, was. presented to the board of supervisors and rejected by them, is bad on demurrer.
3. Alden v. County of Alameda, 43 Cal. 270. Demurrer sustained1 in an action against a county on a judgment, where the complaint contained no averment that the claim had been presented to the board of' supervisors.
4. Billings First Nat. Bank v. Custer County, 7 Mont. 464; 17 Pac. 551. In an action against a county in Montana by defendant’s witness for witness fees and mileage in a criminal case tried in another-county on a change of venue from defendant county, the complaint must allege, in order to show compliance with Montana statutes allowing such claim, that the amount claimed has been certified to by the-judge, or it must state a sufficient reason why it has not been done; also that the amount claimed as costs cannot be collected from defendant in the criminal case, as evidenced by an execution therefor which» has been returned unsatisfied; it must also show whether the prosecution was for a felony or a misdemeanor, that the witness had made au itemized bill of his fees ; and that the claim has been presented under- *295 oath to the county, in separate items, with the nature of each item stated. Judgment sustaining demurrer affirmed.
5. Reining v. City of Buffalo, 102 N. Y. 308. Plaintiff sought to recover damages alleged to have been sustained by the unlawful erection of a» embankment by the defendant. Defendant demurred to the complaint on the ground that it did not allege the presentation of the claim, and the expiration of forty days thereafter before the commencement of the action, as provided by the charter of the City of Buffalo, L. 1870, c. 519. Held, that such presentation attaches as a condition precedent to the commencement of any action against the defendant; that the legislature has power to attach such a condition to the maintenance of a common law action as well as one created by statute; and that the complaint containing no allegation of .the presentation of the claim, and the expiration of forty days before the commencement of the action, was demurrable.
6. Thompson v. Milwaukee, 69 Wis. 492 ; s. c., 34 Northw. Rep. 402. In an action against the city of Milwaukee for materials^ furnished for and labor performed upon the building of a public schoolhouse for the principal contractor, the complaint must allege that the petition or statement of claim required by Wis. Laws 1878, c. 332, was filed in the office of the city clerk within twenty days after the same accrued.
Action first brought against the principal contractor and the city jointly. City' demurred because 1st, Several causes of action improperly united; and 2nd, because the complaint was insufficient. Demurrer sustained and plaintiff’s appeal affirmed. Court held that because complaint omitted to allege filing of notice under the statute, it was bad.
7. Executors or administrators.] Hammle v. Kramer, 12 Ohio St. 252. Under the Ohio statute (1 Curwen R. S. 727, § 98) providing to the effect that no executor or administrator shall be liable to the suit of a creditor until after the expiration of eighteen months from the date of an administration bond, or, among other exceptions, unless the claim has been exhibited to the executor or administrator and by him rejected, a complaint, in action by a creditor, which fails to show that the time has elapsed or the claim is within the exceptions, is bad on demurrer.
8. Ellissen v. Halleck, 6 Cal. 386.
Under section 136 of the act regulating the estate of deceased person (Compiled Laws of Cal. p. 396,) providing that “no holder of any claim against an estate shall maintain any action thereon, unless the claim shall have been first presented to the executor or administrator,” a bill to foreclose a mortgage is demurrable if it contain no averment *296 •of the presentment of the claim due under the mortgage. The reason, why this objection should be taken by demurrer rather than answer, is that the right to sue an administrator or executor is taken away by statute except in the case of presentation and rejection of the account and the declaration should set out the exception.
[This case was overruled in Fallon v. Butler, 21 Cal. 24, on the ground that a claim under a mortgage debt was not a claim within the meaning of the statute. But this again was questioned in Ellis v. Polhemus, 27 Id. 354. These questions are whether a demand on the bond or note to secure which a mortgage is given, is a claim against the estate, and whether a prayer to foreclose a mortgage on assets of the estate, is equally a claim against the estate whether the decedent was personally liable or not.]
[Compare White v. Story, 43 Barb. 124, holding equitable claims properly referable under the New York statute; and Cornes v. Wilkin, 79 N. Y. 129 ; affirming 14 Hun, 428, holding contingent claims within the statute ; and Hoyt v. Bonnett, 50 N. Y. 538, reversing in part 58 Barb. 529, 1 Tuck, 491 ; and compare Orendorff v. Utz, 48 Md. 298.]
9. Notice of injury upon highway.] Susenguth v. Town of Rautoul, 48 Wis. 334.
In an action against a town for personal injuries caused by a defective highway, a complaint is fatally defective on demurrer if it fail to allege that notice of the injury had been given to the town authorities as required by chap. 86, Laws of 1875.
Cole, J., says : “ The liability of the town for an injury occasioned by a defective highway is statutory, and it is undoubtedly competent for the legislature to regulate the remedy.”
10. Benware v. Town of Pine Valley, 53 Wis. 527. In an action against a town for personal injuries from a defective highway, the plaintiff was held to have been properly nonsuited at the trial because the complaint failed to allege notice of the injury, and presentment of the claim to the town clerk to be laid before the town board of audit, pursuant to §§ 824, 1339 R. S.
II. Effect of statutory phraseology.
11. What rights of action are within the language of the statute.] City of Warren v. Davis, 43 Ohio St. 447.
Action for injuries sustained by defective highway. In the petition there was no allegation that Davis before commencing his suit filed a claim for damages with the clerk of the city of Warren. The city demurred. The statute provided that “no person who claimed damages arising from any cause, shall commence a suit therefor, until *297 he files a claim for the same with the clerk of the corporation,” etc.— Held, that such provision did not apply to claims for.damages for personal injuries.
12. Quinlan v. City of Utica, 11 Hun, 217; affirmed in 74 N. Y. 603.
Section 123 of the city charter of the city of Utica provides that “No costs shall be recovered against the city in any action brought against it for any unliquidated claim which has not been presented to the common council to be audited.”—Held, that such section did not apply to claims ex delicto, e. g., a claim for damages for injuries sustained by a neglect of the city to repair its streets.
13. Gage v. Village of Hornellsville, 106 N. Y. 667; affirming 2 N. Y. St. Rep. 345.
Plaintiff recovered a verdict against the defendant for damages for injuries sustained by reason of the defective condition of a sidewalk. Costs were taxed in plaintiff’s favor. Defendant moved to set aside the taxation upon the ground that the plaintiff did not, before commencing her action, present her claim for payment to the chief fiscal officer of the corporation, as provided by Code Civ. Pro. § 3245.— Held, that cases for the recovery of damages sustained by reason of ■the negligence of the servants of a municipal corporation, were not •within the purview of Code Civ. Pro. § 3245. That section refers to actions ex contractu, not to those ex delicto.
14. Hunt v. City of Oswego, 11 N.Y. St. Rep. 762, followed Gage v. Village of Hornellsville, 8 N. Y. St. Rep. 345, in holding that Code Civ. Pro. § 3245, providing for the presentation of claims to the chief fiscal ■officer of a municipal corporation, before the commencement of an .action in such claim, did not apply to actions ex delicto.
15. Taylor v. City of Cohoes, 105 N. Y. 54, reversing 5 N. Y. St. Rep. 92.
Plaintiff recovered a verdict against the defendant for damages .arising out of defendant’s negligence. Taxation of plaintiff’s costs was opposed on the ground that plaintiff’s claim was not presented to the chief fiscal officer of defendant before the "commencement of the .action, as provided by Code Civ. Pro. § 3245. It appeared that the action was commenced before the enactment of such section of the Code. —Held, that as the action was commenced before the going into effect of § 3245, such section did not apply, and that the case must be governed by L. 1859, c. 262, the law previously in force; that such act did mot apply to actions ex delicto.
16. Marsh v. Village of Lansingburgh, 31 Hun, 514.
Plaintiff brought an action against the defendant in the justice’s *298 court of the city of Troy, for damages for obstructing Van Schaick street in that city. Defendant contended that plaintiff was not entitled to costs, by reason of section 3245 of the Code of Civil Procedure, which provides that costs cannot be awarded to the plaintiff in an action against a municipal corporation, unless the claim upon which it is founded has, before the action, been presented for payment to the chief fiscal officer of the corporation.—Held, that such section did not apply to actions commenced in a justice’s court, nor was the plaintiff’s right • to recover costs affected by the fact that the defendant appealed to. the county court, where the plaintiff again recovered a judgment.
17. Baine v. City of Rochester, 85 N. Y. 523.
Plaintiff brought an action to recover an alleged balance from defendant for services. Plaintiff recovered a verdict. Defendant noticed its costs for taxation, and the clerk decided that defendant was entitled thereto. It seems that plaintiff had omitted to present for payment to the chief fiscal officer of the defendant the claim on which the action was founded, before the commencement of the action. CodeCiv. Pro., § 3245, provides that in the event of such failure, plaintiff is not entitled to costs.—Held, that the fact that the chief fiscal officer is-not authorized to adjust and pay the claim on presentation, does not dispense with presentation to him. But the fact of non-presentation does not entitle the defendant to costs in case of a recovery of fifty dollars or more, by reason of the fact that the plaintiff is not so-entitled.
18. Nagel v. City of Buffalo, 34 Hun, 1.
Section 7 of title 3 of the charter of the city of Buffalo, provides-that the common council shall audit “ all claims against the city, but no unliquidated claim shall be received for audit unless made out in detail; if for labor or services, the time when, the place where, and by what authority performed, and if for damages for wrong or injury, when, where and how occasioned. No action or proceeding to recover or enforce any such claim against the city shall be brought until the-expiration of forty days after the claim shall have been presented in. the manner and form aforesaid.”—Held, that the statute included claims against the city for injuries sustained by reason of its neglect to-keep the streets and sidewalks in proper repair, and that an action to recover damages for such an injury could not be brought until a claim therefor, as required by the act, had been made out and presented for audit.
19. Williams v. City of Buffalo, 25 Hun, 301.
Plaintiff recovered a judgment against the defendant for work and-labor performed. Defendant sought to set aside the taxation of costs on the ground that the claim was not presented for payment to the- *299 ■ comptroller before suit. Plaintiff did present the’claim to the common council before the commencement of the suit.—Reid, that the presentation of the claim to the common council was a sufficient compliance with Code Civil Pro., § 3245, which provides that plaintiff may not recover costs unless he presents his claim to the chief fiscal officer of the city before the commencement of the action.
20. What actions barred.] Kelly v. City of Madison, 43 Wisc. 638.
Action for injury to plaintiff from a defective highway. Defendant demurred to the complaint on the ground that the cause was not brought to the circuit court on appeal from the action of the common council in disallowing plaintiff’s claim for damages, but by original action. The charter of the defendant provided that no action shall be maintained against the city, until the claim or demdnd shall first have been presented to the common council. The determination of the common council was to be final and conclusive. Plaintiff presented his claim in the manner provided, and the common council disallowed it. Thereupon, plaintiff brought this action.—Reid, that the provision of the charter requiring the presentation of the claim to the common council, did not include actions for personal torts.
21. Suit to compel provision for payment to be made.] Williams v. City of Buffalo, 14 N. Y. St. Rep. 81.
Plaintiff sought to recover for services performed for the defendant, in abating a nuisance under direction of the common council. The claim was properly made out and presented to the common council as provided by the city charter. The council rejected the claim and refused to make any provision for its payment. Thereupon plaintiff brought an action for the neglect and refusal of the defendant to provide a fund for the payment of the claim. The trial court non-suited the plaintiff on the ground that no claim based upon the negligence of the defendant in not providing a fund for the payment of the work had been presented to the common council as required by the charter. — Held, error ; that it was not necessary to notify the defendant that in case of failure to make provision for the payment of just claims, an action would be commenced to compel the performance of the duty; that the city had already had an opportunity by reason of the presentation of the claim to the common council, to investigate such claim and make provision for its payment.
22. People ex rel. Satterlee v. Board of Police, 75 N. Y. 38.
Relator was appointed police surgeon -by resolution of the board of police in the City of New York, -at a fixed salary of $1500. He performed the duties of the office for over two years, drawing his salary as fixed by the resolution. He claimed to be entitled to the salary as *300 fixed by L. 1866, c. 861; i. e., §2,250, and applied for a peremptory mandamus directing the board of police to draw their requisition upon the comptroller of the city of New York.—Held, that it was the duty of the board to draw a requisition for the amount, the performance of which could be compelled by mandamus; that the treasurer of the police department was not authorized to act independent of the board,but is its officer, and under its control, and the requisition must be made by its order; and that it was no excuse for a refusal to perform this duty that there were no funds in the hands of the comptroller subject to the requisition of the board, as the relator had the legal right to compel a full performance of its duty by the board.
28. Gregory v. Mayor, etc. of New York, 33 Hun, 451.
Plaintiff was employed as an inspector by the board of excise commissioners of New York. He received a notice that he had been suspended, but considering himself still an inspector, he continued to act as such for some months after receiving such notice. He thereafter demanded a voucher or certificate on which he might receive his salary from the comptroller, which the excise commissioners refused. Plaintiff brought an action for the salary alleged to be due. Upon the trial' the complaint was dismissed on the ground that plaintiff should have procured a mandamus to compel the board of excise to grant the warrant.—Held, the court erred. That the question as to whether the refusal of the board of excise to give him a warrant, upon the ground that they considered his suspension a dismissal, was not an unreasonable refusal, should have been submitted to the jury, and that if they found it unreasonable, the plaintiff might maintain his action.
24. Stating the caused] Whitman v. Groveland, 131 Mass. 553.
Tort for personal injuries occasioned by the falling of a span of an iron bridge owned by the defendant town.—Held, that a notice to a town bound to keep a bridge in repair, that a person was injured through a defect or want of repair in the bridge, and that the cause of the injury was the breaking and falling of a-certain span in the bridge, sufficiently stated the cause of the injury within the provisions of a statute requiring notice of the cause of the injury to be given.
25. Roberts v. Douglas, 140 Mass. 129.
Tort for injuries to plaintiff’s horse occasioned by a defect in a highway. Plaintiff gave notice that the horse was injured by a defect in the highway, caused by an obstruction which had remained in the highway for more than forty-eight hours before the injury—Held, that such notice did not sufficiently designate the cause of the injury.
*301 26. Grogan v. City of Worcester, 140 Mass. 224.
Tort for personal injuries occasioned by a defect in a highway. Plaintiff stepped into a drain running across the sidewalk of the street, and stumbling, fell over an embankment by the side of the street, which was unprotected by a railing, into an adjacent sewer, thereby receiving injuries.—Held, that a notice stating the lack of a railing as the cause of plaintiff’s injury, was a sufficient compliance within the provisions of the statute requiring the cause of the injury to be stated in the notice.
27. Davis v. Charlton, 140 Mass. 422.
Tort for personal injuries occasioned by a defect in highway. Plaintiff in his notice of the injury, stated that the injury occurred on a certain way in the defendant town, “ by reason of a pile of timber piled on the south side of the traveled part of said way, and a pile of hay piled on the north side of the traveled part of said way.” The evidence showed that as the plaintiff approached the spot, the wind flapped the cloth on the haycock, and the horse which he was driving shied to the south, ran his wagon first on some planks and then against the timber, and threw him from the wagon.—Held, that the notice sufficiently designated the cause of the injury; and that the presiding, judge properly refused to rule as matter of law, that the way was not defective.
28. Variance in stating the cause.] Canterbury v. City of Boston, 141 Mass. 215. Tort for personal injuries to plaintiff by falling on sidewalk. The notice of claim stated the cause of the injury to be an accumulation of snow and ice. The evidence tended to show that the . cause stated in the notice, combined with an improper construction of the sidewalk, constituted the defect.—Held, that if there was no intention to mislead the defendant by the statement as to the cause of the - injury, and the defendant was not in fact misled thereby, an inaccuracy in the statement would not render the notice invalid.
29. Omission to specify placed] Law v. Town of Fairfield, 46 Vt. 425. Action for injury on a highway. Under an act passed in 1870, plaintiff was required, before the commencement against a town or city of an action for injuries, etc., to give a notice in writing, state the time when, and the place where, the injuries were received. Plaintiff gave the defendant notice that she was injured on the road leading from Centre Fairfield to East Fairfield, and that she required damages therefor. It appeared that the distance between these two places was four miles and a half.—Held, that the notice was too indefinite as to the place of accident, and insufficient.
*302 30. Brown v. Town of Southbury, 53 Conn. 213. Action for an injury from a defect in a highway of the defendant town. The statute provided that the notice to bo given to the select men of a town by any person injured by means of a defect in a highway should state the •nature of the injury, and the place where it occurred. Plaintiff stated .an injury to his horse and carriage as follows: “ Said horse was injured in the left leg and knee joint and otherwise bruised and injured ; said carriage was injured by breaking the right shaft and being wrenched and sprung.” The place was described as “ a defective sluice across the highway between the dwelling house of E. B. and the J. H. place, so called.” There were between these points three sluice ways, within twenty-five rods of each other.—Held, that the notice was .sufficient.
31. Butts v. Town of Stowe, 53 Vt. 600. Action to recover damages for injury occasioned by defective highway. In his notice plaintiff stated that the injury resulted in consequence of the insufficiency of ;the “ highway in Stowe leading from the centre to the mill village at a place a few rods below its factory, and between that and the bend of •the road at the point of rocks just below the factory.”—Held, that the .notice as to the place was insufficient. Exact distances from prominent objects should have been given, instead of indefinite expressions as 11 a few rods.” That the purpose of the notice was to furnish the town facilities for ascertaining the condition of the place causing the injury.
32. Belimery of copy.] Magee v. City of Troy, 48 Hun, 383. The charter of the defendant provided that no civil action shall be maintained against the city by any person for injuries to person or property unless it appears that the claim for which the. action was brought was presented to the comptroller, with an abstract of the facts out of which the cause of action arose, duly verified by the claimant, and that said comptroller did not within sixty days thereafter audit the same. The original claim, signed and verified by the plaintiff, was shown to the comptroller, and a copy of it delivered and left with him.—Held, that this was a sufficient presentation of the claim in the absence of any objection by the comptroller or demand of the original.
33. Summons informer action.] Dawson v. City of Troy, 49 Hun, 322. Plaintiff sued the defendant to recover damages for injuries sustained by reason of the alleged negligence of the latter. A former action had been brought for the same by the service of a summons and complaint on the mayor of the defendant, and it was claimed that this was sufficient service of a notice within the provision of the statute providing that no action shall be maintained against a municipal *303 corporation for damages, -etc., unless notice of the intention to commence such action shall have been filed with the counsel for the corporation within six months.—Held, that the service of the complaint in the former action was not an intention to commence that action, because it was itself the commencement of the action; and that it was not notice of intention to commence the present action, because the plaintiff had then, and could have had, no such intention.
04. City treasurer.—Oommon council.] Butler v. City of Rochester, 4 Hun, 321. Defendant claimed that the demand upon which plaintiff brought the action should have been presented to the city treasurer for payment before suit brought. Plaintiff claimed that a presentation to the common council was sufficient and proper, under L. 1859, c. 262. Held, that the intention of L. 1859, c. 262, was to prevent the recovery of costs against a municipal corporation, in cases where the creditor had not afforded the corporation an opportunity to pay before bringing his action, and that the presentation of the claim to the common council was sufficient.
L. 1859, c. 262, provides that no costs, etc., shall be recovered or inserted in any judgment against municipal corporations, unless the claim upon which such judgment is founded shall have been presented for payment to the chief fiscal officer of such corporation, before the commencement of the action.
35. Gammon council—cleric.] Murphy v. City of Buffalo, 38 Hun, 49. The charter of the city of Buffalo provided that no action or proceeding to recover or enforce a claim against’the city shall be brought until the expiration of forty days after the claim shall have, been presented to the common council for audit.
Plaintiff delivered a claim for damages for injuries to the clerk of the common council of defendant on November 23rd, 1883. Thereafter, on December 17, 1883, the common council referred such, claim to the committee on claims. An action upon the claim was commenced by plaintiff, upon January 8, 1884, more than forty days after the claim was delivered to the clerk, but less than forty days after the claim was referred by the common council to the committee on claims. —Held, that the presentation of the claim to the clerk was a presentation of the claim to the common council within the meaning of the provisions of" the charter.
36. Chief fiscal officer—Mayor and common council.] Dressel v. City of Kingston, 32 Hun, 526.
Plaintiff having recovered a judgment against the defendant, for *304 damages' occasioned by his falling into a hole in the sidewalk, moved for, and obtained an order directing the clerk to tax costs and disbursements in his favor. Upon the motion for such order an affidavit was made by the treasurer of the city, in which he stated that at the time of the accident and of the commencement of the action he was “ the chief fiscal officer ” of the city, and that the claim had never been presented to him. It appeared, however, plaintiff did present his claim to the mayor and common council, and that it had been rejected.—Held, that the treasurer was to be deemed the chief fiscal officer of the city, within the meaning of these words as used in section 3245 of the Code of Civil Procedure, and that as plaintiff’s claim had not been presented to him, costs could not be awarded to the plaintiff.
37. What is personal injury. ] Birch v. Metropolitan Elev. Ry. Co. (N. Y. Com. Pl. Genl. Term. Febry. 1890) 8 N. Y. Supp. 325.
An action by an abutting owner against an elevated railroad to recover damages for loss of rental value of plaintiff’s premises is not one for a “ personal injury ” within Code Civ. Pro. § 1910, prohibiting the assignment of causes of action for personal injury. The decision rests upon the definition of the term “ personal injury ” when used in the Code by § 3343, subd. 9, thereof.
III. Jurisdiction.
38. United States courts.] Gamewell Fire-Alarm Tel. Co. v. The Mayor, etc., 31 Fed. Rep. 312 (U. S. Cir. Ct. So. Dist. N. Y.).
In a suit for the infringement of letters patent, the defendant filed an answer which pleaded a failure to make demand on the comptroller of the city of New York before bringing suit as required by laws N. Y. 1882, c. 410, § 1104.—Held, the exception to the answer for impertinence must be sustained for two reasons. (1.) The laws of New York respecting the presentation of claims against the city of New York applied only to actions in the State courts. (2.) And if the enactment was intended to apply to federal courts, it would not apply to suits in equity, as the equity jurisdiction of the courts of the United States is subject neither to limitation or restraint by State authorities, but is uniform throughout the different States of the Union.
39. Bass Foundry & M. Works v. Parke County, Ind., 15 West. 105; 17 N. East. 593.
Under the Indiana statutes depriving the circuit court of jurisdiction to adjudicate claims against a county until the claim has been presented to the county commissioners, a complaint is not demurrable for want of jurisdiction of the court because it fails to allege such presentation, since in actions brought in courts, of general jurisdiction proceeding *305 in the course of common law, facts giving the court jurisdiction need not affirmatively appear on the face of the complaint. Judgment reversed.