J. B. CROPPER, Respondent, v. THE CITY OF MEXICO, MISSOURI, Appellant.

St. Louis Court of Appeals, May 7, 1895.

1. **Cities of Third Class:** PRESENTATION OF CLAIMS TO CITY COUNCIL. The statute requiring a claim against a city of the third class to be presented to the city council before suit, and prohibiting the allowance of costs against the city when this requirement is not complied with, does not apply to a demand arising *ex delicto*, such as an action for damages for personal injuries.

2. ———: NOTICE OF CONDITION OF STREETS: DUTIES OF COUNCILMEN. The members of the council of a city of the third class are charged with the duty of acting with respect to the streets and sidewalks of the city. Knowledge on their part of the unsafe condition of such a street is, therefore, notice to the city.

3. **New Trial:** NEWLY DISCOVERED EVIDENCE. This court will not reverse the action of the trial court in refusing a new trial on the ground of newly discovered evidence, unless it is satisfied that the new trial would result in a different verdict.

4. **Practice, Appellate:** DETERMINATION OF JURISDICTIONAL QUESTIONS: EFFECT OF ORAL SUGGESTIONS OF COUNSEL. Questions in relation to the jurisdiction of an appeal must be determined, either by an inspection of the record, or by an inspection of the record and affidavits in support; they can not be determined on oral suggestions of counsel, which are controverted.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*E. S. Gantt* and *George Robertson* for appellant.

*W. W. Fry* for respondent.

BOND, J.—Plaintiff stepped into a hole on a sidewalk in the city of Mexico, Missouri, sustaining injuries thereby, for which he recovered judgment for the sum of $750, from which the defendant appealed, and also from a judgment of the court overruling its motion to retax costs as to such as had accrued subsequently to the presentation by plaintiff of his claim against the defendant to the city council. There was evidence to support the verdict of the jury.

The first point urged for reversal is that, the defendant being a city of the third class, plaintiff was not entitled to sue under the act of the legislature embracing cities of that class, because, prior to the institution of said suit, no claim was presented as contemplated by that act. The act relied upon in support of this contention is, to wit:

"All claims against the city must be presented in writing, with full account of the items, and verified by the oath of the claimant or his agent that the same are correct, reasonable and just, and no claim shall be audited or allowed, unless presented and verified as provided in this section. No costs shall be recovered against the city in any action brought against it for any unliquidated claim which has not been presented to the council to be audited, nor upon claims allowed in part, unless the recovery shall be for a greater sum than the amount allowed, with interest due: Provided, that no action shall be maintained against such city in exercising or failing to exercise any corporate power or authority, in case where such action would not lie against a private individual under like circumstances." Acts of 1893, p. 89, sec. 104.

Neither the language of the foregoing section, nor any fair construction thereof, warrants the position assumed by appellant, that its operation embraces a

cause of action for damages sustained by personal injuries. The terms of the act require the presentation of claims against the city in writing, with a full *account of the items*, and verified as correct. This plainly denotes that such claims are intended as could be presented in the way described. Obviously, that method could not be employed when the demand arose from a pure tort, as in the present case. It has accordingly been held in other states having similar statutes, that demands arising *ex delicto* are not included in such enactments. *Barrett v. Village of Hammond*, 58 N. W. Rep. 1053; *Jung v. City of Stevens Point*, 74 Wis. 547; *Bradley v. City of Eau Claire*, 14 N. W. Rep. 10; *Gage v. Village of Hornellsville*, 106 N. Y. 667; *Hunt v. City of Oswego*, 107 N. Y. 629; *Taylor v. City of Cohoes*, 105 N. Y. 54. It is evident that the section, *supra*, had no application to the present case.

The next error assigned relates to the question put to plaintiff's witnesses, as to whether two of the city councilmen "traveled over this walk in going down town." There was no impropriety in this inquiry. The members of the council of a city of the third class are charged with the duty of acting with respect to its streets and sidewalks (R. S. 1889, sec. 1515), and circumstances tending to show knowledge on the part of such officers of the dangerous condition of such streets and sidewalks are relevant as tending to show notice of defect to the city. A municipality is affected with notice of the unsafe condition of its streets and sidewalks by proof of knowledge of that fact on the part of those agents who are charged with the control of its streets and sidewalks, or by evidence that the unsafe condition has existed sufficiently long to raise an inference of notice thereof on the part of the city. *Bonine v. City of Richmond*, 75 Mo. 437; *Maus v. City of*

*Springfield*, 101 Mo. 613; *Barr v. City of Kansas*, 105 Mo. 550, 556.

Neither is there any merit in the point that the court refused instruction number 6, requested by appellant, wherein the jury were told "that there is no evidence that the city, or any of its officers charged with any duty regarding sidewalks, had any notice of the condition of the sidewalk where plaintiff was injured." The record shows ample evidence of the prior existence of the defective condition of said sidewalk, from which the jury might properly have inferred notice on the part of the city or its officers whose duty it was to control the sidewalk.

Appellant assigns for error the refusal of his motion for new trial, grounded on newly discovered evidence set out in the affidavits filed. We have examined the affidavits in support of and in opposition to this point, and we are not satisfied that a new trial would result in a different verdict. We can not, therefore, hold that the trial court abused its discretion in overruling the motion for new trial. *Mayor of Liberty v. Burns*, 114 Mo. *loc. cit.* 432.

Neither did the trial court commit any error of which appellant can complain, in taxing respondent with the costs accruing prior to the presentation of his demand to the city. Such presentation was, as has been shown, unnecessary. The result is that the judgment herein will be affirmed. All concur.

### ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The motion seeks reconsideration on two points. It claims that the opinion, in holding that notice of the defective sidewalk to a city councilman was notice to the corporation, is opposed to controlling decisions of the supreme court. No authority is cited which bears directly on this point.

In fact, the exact point has never been decided in this state. It has, however, been decided in other jurisdictions in conformity with the proposition stated in the opinion, and such is the general rule as stated by text writers. Beach on Public Corporations, sec. 1524; *City of Logansport v. Justice*, 74 Ind. 378; *Cantwell v. City of Appleton*, 71 Wis. 463. In cases of unincorporated towns it was held that notice to any inhabitant for some time prior to the accident is notice to the town. *Mason v. Inhabitants of Ellsworth*, 32 Me. 271; *Tuell v. Inhabitants of Paris*, 23 Me. 556. In the case at bar, the defect existed for some time, and the city, under all the authorities, was chargeable with notice on that ground alone. The evidence of notice to the councilmen was merely cumulative, and would furnish no ground for reversal, even if serious doubts existed as to the propriety of its admission. We, however, hold that the evidence was properly admitted.

It is next insisted that the court erred in taxing against the defendant the costs which accrued after the presentation of the claim to the council. Our statute is different from that of other states, where nonpresentation may be shown in bar of the action. Even in those states, however, it has been held that the statute has no application to claims for personal injuries. *Lay v. City of Adrain*, 75 Mich. 438. Under the decided law the court erred, if at all, in taxing any of the costs against the plaintiff.

A suggestion is also made in the motion that this is a cross appeal, the two appeals involving together more than $2,500. There is nothing in the record to verify this assertion. A suggestion was made by the defendant (but denied upon the argument), that an appeal taken by the plaintiff was pending in the supreme court. No affidavits in support of the suggestion were filed. Jurisdictional questions must be

determined, either by an inspection of the record, or by an inspection of the record and affidavits in support. They can not be determined on oral suggestions of counsel which are controverted.

The motion for rehearing is denied. All concur.