CYNTHIA EVANS, Respondent, v. CITY OF JOPLIN, Appellant.

### Kansas City Court of Appeals, April 30, 1900.

1. **Damages: INSTRUCTION: ASSUMING INJURY.** An instruction relating to damages and summarized in the opinion does not contain the vice of assuming the injuries complained of in the petition.

2. **Municipal Corporations: THIRD CLASS CITY: VERIFIED CLAIM: COSTS.** The provisions in charters of cities of the third class requiring all claims against the city to be presented in writing and verified has no application to demands arising *ex delicto;* and one negligently injured by the city, who fails to verify his demand, will not be required to pay costs on account of such failure. Hill v. Sedalia, 54 Mo. App. 494, not followed.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Joel T. Livingston* and *Basom & Buckley* for appellant.

Respondent's instruction on the measure of damages is erroneous in assuming physical injuries were inflicted and bodily and mental anguish endured. An instruction so worded was condemned as erroneous in Plummer v. Milan, 70 Mo. App. 599.

*Cunningham & Dolan, Clark Craycroft* and *J. W. McAntire* for respondent.

(1) The courts now hold that even if an instruction is erroneous as to the elements constituting the measure of damages, unless the damages awarded are excessive, the judgment should not be reversed, and where it is for the

right party it will be affirmed; that it was the duty of attorneys for appellant to ask for an instruction specifying what they conceived to be the proper measure of damages. Failing to do so, they can not afterward take advantage of such error and their own neglect. R. S. 1889, secs. 2100, 2102; McGowan v. Ore & Steel Co., 109 Mo. 518; Haehl v. Railway, 119 Mo. 344; Browning v. Railway, 124 Mo. 71; Daudt v. Keen, 124 Mo. 106; Homuth v. Railway, 129 Mo. 643; Sherwood v. Railway, 132 Mo. 345; Taylor v. Iron Co., 133 Mo. 350; McCarroll v. Kansas City, 64 Mo. App. 288; Carpenter v. McDavitt, 66 Mo. App. 7; Rose v. McCook, 70 Mo. App. 187; Larson v. Mining Co., 71 Mo. App. 512. (2) Section 104 of the act of 1893, p. 89, is a direction as to how all claims must be made out and that they must be verified, and the claims therein specified evidently refer to claims which may be itemized. It has been held in our state and other states having similar statutes, that demands arising *ex delicto* are not included in an enactment similar to section 104. Cropper v. Mexico, 62 Mo. App. 387; Barrett v. Harmon, 58 N. W. Rep. 1063; Jung v. Stevens Point, 74 Wis. 547; Bradley v. Eauclair, 14 N. W. Rep. 10; Gage v. Hornellsville, 106 N. Y. 667; Hunt v. Oswego, 107 N. Y. 629; Taylor v. Cohoes, 105 N. Y. 54; Nance v. Falls City, 16 Neb. 87; Howell v. Buffalo, 15 N. Y. 512.

SMITH, P. J.—This case was here by appeal at the March term, 1898, when the judgment, which was for plaintiff, was reversed and the cause remanded—76 Mo. App. 20. Since then there has been a retrial, which likewise resulted in a judgment for plaintiff and from which defendant has again appealed.

When the cause was here before we reversed the judgment on account of an error in an instruction given for plaintiff relating to the measure of damages. The instruction in the present case relating to that subject is free from

the vice for which that just referred to was by us condemned. But the defendant insists the said instruction as to the measure of damages now, before us for review should be condemned for another reason, to-wit: that it assumes that physical injuries were inflicted and bodily and mental anguish endured. This insistence can not be upheld. The instruction is subject to no such objection. It plainly told the jury that in estimating plaintiff's damages that it might take into consideration physical injuries, etc., endured, if any, resulting from the injury.

Defendant is in error in supposing that it is identical with that in Plummer v. City of Milan, 70 Mo. App. 598.

With the exception of the plaintiff's instruction relating to the measure of damages the case now before us is in every substantial particular the exact counterpart of that reviewed on the former appeal. The points and authorities relied on for a reversal by defendant now, are the same as those relied on then. In the opinion there delivered, after reference to the instruction relating to the measure of damages, it was said: "In other respects the case, as developed by the evidence, was properly tried." This remark is equally applicable to the case disclosed by the present record.

After the verdict, the defendant filed a motion to tax the costs against the plaintiff for the reason that she did not, before the commencement of her suit, present her claim against defendant to the defendant or to the "city council" as required by the provisions of section 104 of the act relating to cities of the third class, to be found in Session Acts 1893, p. 89. This motion was by the court sustained and judgment given accordingly, and from this the plaintiff has appealed. Said section 104 of the Act of 1893, provides: "All claims against the city must be presented in writing with full account of the items and verified by the oath of the claimant or his agent that the same are correct, reasonable and just." This provision evidently refers only to claims

which may be verified. It has been held by the St. Louis Court of Appeals that demands arising *ex delicto* are not included within the above statutory requirement. Cropper v. City of Mexico, 62 Mo. App. 387. And similar rulings have been made elsewhere on like statutes: Barrett v. Harmon, 58 N. W. Rep. 1063; Jung v. Stevens Point, 74 Wis. 547; Bradley v. Eauclair, 14 N. W. Rep. 10; Gage v. Hornellsville, 106 N. Y. 667; Hunt v. Oswego, 107 N. Y. 629; Taylor v. Cohoes, 105 N. Y. 54.

In Nance v. Falls City, 16 Neb. 87, it was held that claims as used in the statutes, requiring all claims to be presented to the city council, must be confined to claims arising upon contract. The provisions of the amended charter of Buffalo (N. Y. Laws, 1853, p. 472), make it a bar to any action for any demand or claim that has never been presented to the council for audit or allowance, or, if on contract, that it was presented without being verified, the claims were held not to extend to a demand arising out of tort. Howell v. Buffalo, 15 N. Y. 512. It is true that in Hill v. Sedalia, 64 Mo. App. 494, an intimation was made to the contrary, but the above cited authorities were not called to our attention nor considered by us. We are inclined now to think the ruling made in 62 Mo. App. *supra,* was correct, and that the intimation in Hill v. Sedalia, that the statute is applicable to actions *ex delicto* should not be followed. It results that the judgment of the court taxing the costs against the plaintiff should be reversed and cause remanded, with directions to the circuit court to enter judgment for plaintiff for the costs of the trial in that court.

The judgment in that court on the merits is affirmed. *Ellison, J.,* concurs; *Gill, J.,* not sitting.