Haggard v. City of Carthage.

---

HAGGARD, Appellant, v. CITY OF CARTHAGE.

Division Two, March 28, 1902.

Actions Against City For Torts: TAXING COSTS AGAINST SUCCESSFUL PLAINTIFF: CONSTITUTIONALITY OF STATUTE. The statute (sec. 5854, R. S. 1899), does not authorize the court to tax the costs against the sucessful plaintiff in a suit against a city for damages for personal injuries received while traveling on a public street, on the ground that he has failed to present his claim to the city council for allowance prior to bringing his suit. The words "claims" and "actions" used in that section do not include torts. And viewing that statute as not referring to actions *ex delicto*, it is clearly constitutional.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED (*with directions*).

*Thomas & Hackney* for appellant.

(1) Section 5854, Revised Statutes 1899, if intended to apply to demands arising *ex delicto*, is in conflict with article 2, section 10, Constitution of Missouri. As soon as plaintiff sustained injury to his person, by the tort of defendant, he had the constitutional right to sue at once for the redress of his injuries, and having successfully prosecuted his

Vol 168 mo—9.

suit to a judgment, he ought not to be punished by being com-
pelled to pay the tortfeasor's costs for the unsuccessful defense
of plaintiff's just cause of action. (2) Section 5854, Re-
vised Statutes 1899, requiring claims against cities to be pre-
sented to the council, in writing, with a full account of the
items, verified by the oath of the claimant that the same are
correct, reasonable and just, was not intended to include de-
mands arising *ex delicto*. Evans v. Joplin, 84 Mo. App. 296;
Cropper v. Mexico, 62 Mo. App. 385. The trial court was
misled into holding otherwise by reason of the intimation of
Judge GILL, in Hill v. Sedalia, 64 Mo. App. 494, but this
intimation is expressly disapproved by the Kansas City Court
of Appeals in Evans v. Joplin, supra, the decision in the latter
case being in accord with the prior decision of the St. Louis
Court of Appeals in Cropper v. Mexico, supra. Statutes
similar to the one in question, in different States, have been
held inapplicable to demands of this character. Nance v.
Falls City, 16 Neb. 87; Kelly v. Madison, 43 Wis. 638;
Bradley v. Eau Claire, 56 Wis. 168; Jung v. Stevens Point,
74 Wis. 550; Howell v. Buffalo, 15 N. Y. 512; Gage v.
Village of Howellsville, 106 N. Y. 667; Hunt v. Oswego, 107
N. Y. 629.

*H. J. Green* for respondent.

GANTT, J.—This case comes to this court on appeal
from the judgment of the circuit court, taxing against the
plaintiff all the costs in this suit.

The plaintiff sued and recovered judgment against the
defendant, a city of the third class, for damages sustained by
him on account of injuries received whilst traveling on one
of the public streets of defendant city, which street the de-
fendant had negligently permitted to become dangerous for
travel.

After a contested jury trial, and the recovery of judg-

ment by plaintiff, the defendant filed a motion to tax against the plaintiff all costs of the suit, for the reason that plaintiff had not presented his claim to the city council for allowance, prior to bringing suit. This motion was sustained by the court, and all costs taxed against the plaintiff. In due time the plaintiff filed his motion to set aside this judgment, and also a motion in arrest of this judgment, which motions being overruled, he appealed to this court.

The trial court based its action on section 1528, Revised Statutes 1889, now section 5854, Revised Statutes 1899.

The plaintiff contended in the court below, first, that this section was unconstitutional, and, second, that it did not apply to demands arising *ex delicto,* and the plaintiff assigns as error the action of the trial court in sustaining defendant's motion to tax said costs against plaintiff.

Section 1528, Revised Statutes 1889 (now sec. 5854, R. S. 1899), in force when plaintiff received his injuries, for which he recovered judgment against the city of Carthage, a city of the third class under the laws of this State, is in these words:

"All claims against the city must be presented in writing, with full account of the items, and verified by the oath of the claimant or his agent that the same are correct, reasonable and just and no claim shall be audited or allowed unless presented and verified as provided in this section. No costs shall be recovered against the city in any action brought against it for any unliquidated claim which has not been presented to the council to be audited, nor upon claims allowed in part, unless the recovery shall be for a greater sum than the amount allowed, with the interest due; *provided,* that no action shall be maintained against said city, in exercising or failing to exercise any corporate power or authority, in case where such action would not lie against a private individual under like circumstances."

This section has received judicial construction by both the

St. Louis and the Kansas City Courts of Appeals, and in each it was ruled that this section was not intended to apply to actions *ex delicto*.    [Evans v. City of Joplin, 84 Mo. App. 296; Cropper v. City of Mexico, 62 Mo. App. 385.]

These decisions are in accord with the great weight of authority in other States.    In Nebraska a similar statute required all "claims" to be presented to the city council for allowance or rejection to entitle the claimant to recover costs, and it was held that "claims" as used in the statute referred to those arising upon contract, express or implied, and not those arising from tort.    [Nance v. Falls City, 16 Neb. 85.]

In Wisconsin a similar statute prohibited any action "upon any claim or demand" until first presented to the common council for allowance and it was ruled "not to include actions for personal torts."    [Kelley & Wife v. Madison, 43 Wis. 638; Bradley v. Eau Claire, 56 Wis. 168; Jung v. Stevens Point, 74 Wis. 547.]

In Howell v. Buffalo, 15 N. Y. 512, the statute construed provided that "it shall be a sufficient bar and answer to any action, or proceeding in any court, for the collection of any demand or claim that it has not been presented to the common council for audit or allowance," and the court held that claims arising *ex delicto* need not be submitted to the council before action brought.

Chief Justice DENIO dissented, but based his opinion principally upon the broadness of the word "demands," and a clause in the act which said "if on contract" there must be an affidavit to the claim, and he reasoned from this that other demands than those based upon contract were intended by the statute, but whether the author of our act was conversant with that decision or not he has avoided the language upon which Judge DENIO built his argument.

In the subsequent cases of Taylor v. Cohoes, 105 N. Y. 54, and Gage v. Hornellsville, 106 N. Y. 667, and Hunt v. Oswego, 107 N. Y. 629, it was held that actions for recovery

of damages for injuries sustained by negligence of the servants of a municipal corporation were not within the purview of section 3245, of the Code of Civil Procedure of New York.

We think with the Court of Appeals in Cropper v. City of Mexico, 62 Mo. App. 387, "the terms of the act requiring the presentation of claims against the city in writing, with a full *account of the items,* and verified as correct," on its face excludes the idea of demand for a pure tort, as in the case at bar, and accordingly we think, the circuit court erred in taxing the successful plaintiff with all the costs of the action because he had not prior to bringing his action presented his claim in writing to the city council for allowance, and its judgment in so doing is reversed with directions to tax the same against the city of Carthage.

Giving this section this construction it is clearly not unconstitutional. Whether, if it had required a similar claim to be made before the bringing of actions for tort, it would be in contravention of the Constitution, is unnecessary to be determined until the statute is so written. Reversed with directions.

All concur.